HUMPHREY *v.* MICHIGAN UNITED RAILWAYS CO.

1. CARRIERS—EXPULSION OF PASSENGER—TICKET—VALIDITY.

While a carrier of passengers is not liable for the expulsion or attempted or threatened ejection of a passenger having a ticket void upon its face, the conductor of an interurban electric railway was not excused for a threat to eject a woman who carried a commutation ticket issued June 8th, to be good for 30 days, but by mistake marked void after June 9, 1909, on the cover and on each coupon, but having the date of expiration correctly punched on the inside of the cover as July 9th, and bearing date June 8, 1909.

2. SAME—THREATS—INSULTING LANGUAGE—DAMAGES—ASSAULT.

A breach of the carrier's duty to protect passengers from insulting, abusive, or opprobrious language affords a ground of action.

3. SAME.

Whether the conduct of defendant's conductor was such as to render the defendant liable was a question of fact which was properly submitted to the jury by a charge containing the instruction that if the jury found, by a fair preponderance of the evidence in the cause, that the conductor in the performance of his duty made use of impudent and insulting language to plaintiff, she was entitled to recover, but if they

should not find that the conductor used such language and insulted and abused plaintiff, the verdict should be for defendant.

4. DAMAGES—EXCESSIVE VERDICT—NEW TRIAL.
   For a mere unexecuted threat on the part of defendant's conductor, accompanied by abusive conduct but not by violence, to eject a female passenger from its car, a judgment of $500 is excessive and is reduced, on error, to $100.

Error to Kalamazoo; Knappen, J. Submitted April 17, 1911. (Docket No. 53.) Decided September 29, 1911.

Case by Mary Humphrey against the Michigan United Railways Company for an assault and resulting injuries. Judgment for plaintiff. Defendant brings error. Affirmed on condition that plaintiff remit a part of the verdict.

*Sanford W. Ladd* (*Warren, Cady & Ladd,* of counsel), for appellant.

*D. O. French,* for appellee.

On June 8, 1909, plaintiff purchased from defendant a commutation book containing 52 coupon tickets, each good for transportation over defendant's road between Comstock and Kalamazoo. It was the intention of the plaintiff to buy, and of the defendant to sell, a book of tickets good for passage within 30 days from the day of issue. Through the error of the issuing agent, the book was indorsed upon its outside cover "void after June 9th, 1909," and each coupon was stamped upon its back " June 9th, 1909." On the inside of the front cover, the days of the month, the months and the years are printed around the margin in such position as to conveniently permit the punching out of the date of expiration. This date was correctly punched out as of July 9, 1909. The ticket reads that it is issued to plaintiff—

" On conditions named in contract attached and made

part hereof.  This ticket will not be accepted for passage after date expiration as punched out of the margin, which shall in no case be more than thirty days from date of sale, and is worthless if more than one date is punched out or if any alterations are made hereon.

### "CONTRACT.

"(6) It is good only if used on or before expiration of date punched in margin of cover and written below and no stop-over checks will be given and it will be taken up by the conductor if presented after expiration of date. * * *

"(8) This ticket is void after June 9th, 1909.

"I have purchased and agreed to use this ticket subject to above conditions.

[Signed]  "MARY HUMPHREY, Purchaser."

Plaintiff presented this book for passage on June 28th. This was within the date of expiration punched in the cover, but 20 days after expiration as indicated by the written date upon the outside of the cover and in the contract signed by the plaintiff.  The conductor refused to accept the ticket, took it up, demanded the fare, and said, if it was not paid, he would put plaintiff off the car. Plaintiff claimed that the book did not expire until July 9th, that it was good for passage, and that she had no money.  The conductor thereupon went to the forward end of the car, and in a short time returned to plaintiff's seat, where he punched and threw down a cash ticket, with the remark:

"I will show you I am a gentleman.  I will pay your fare."

Plaintiff was not ejected from the car, but rode to her destination upon the ticket.  Plaintiff brought her action against defendant, claiming in her declaration that the conduct of defendant's agent—

"Caused her great suffering, mortification, and humiliation, and then and there and thereby injured her good name and standing among her friends and relations and the people on said car, and amongst all her neighbors and friends with whom she had always stood in good repute,

and whose confidence and respect she had always enjoyed."

Plaintiff recovered a judgment for $500, and defendant has removed the case to this court for review.

BROOKE, J. (*after stating the facts*). The position of the defendant is that this case is ruled by *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531), where this court said:

"As between conductor and passenger, the latter's ticket is conclusive evidence of the extent of his right to travel, and he must produce it when called on as the evidence of his right to the seat he claims."

We have no disposition to depart from or modify the law as here announced, but we are of the opinion that the facts in the instant case do not warrant the conclusions reached by defendant. It is urged that the ticket presented upon its face demonstrated that it had expired, and was therefore, as between the conductor and passenger, worthless for passage upon the day of its presentation. This seems to us an untenable contention. Here was a commutation book bearing the date of issue "June 8th, 1909." The date of expiration was properly punched as July 9, 1909, and, while the latter date was improperly and mistakenly printed and written in two other places upon the book as of June 9, 1909, we think it clear that the most casual examination upon the part of the conductor would have convinced him that the date punched, and not that written or stamped, was the proper date and should have controlled.

Defendant next urges that:

"No physical injury being either alleged or proven, no damages can be recovered for claimed humiliation and mental suffering."

We have held that:

"Fright, unaccompanied by any immediate physical injury, cannot be made the basis of a recovery of dam-

ages." *Nelson* v. *Crawford,* 122 Mich. 466 (81 N. W. 335, 80 Am. St. Rep. 577), and cases there cited.

As between a common carrier and its passengers, it is the duty of the carrier to protect the passenger from insulting, abusive, or opprobrious language on the part of its servants and agents, and to see to it that such servants and agents treat him respectfully. A breach of this duty affords a ground for action. Baldwin on Personal Injuries (2d Ed.), § 301; *Knoxville Traction Co.* v. *Lane,* 103 Tenn. 376 (53 S. W. 557, 46 L. R. A. 549); *Lafitte* v. *Railroad Co.,* 43 La. 34 (8 South. 701, 12 L. R. A. 339). The two cases last above cited and the authorities therein discussed seem to be particularly relied upon by plaintiff. In the first case the defendant's servant was drunk, and addressed the passenger in language slanderous in and of itself. The court there said:

"The plaintiff should be protected against hearing obscenity, witnessing immodest conduct, or submitting to wanton approach."

In the second case the servant of the carrier groundlessly charged the passenger with the crime of passing counterfeit money. While there is and should be no doubt as to the principle upon which the liability of the carrier rests in such cases, it is clear that not every dispute arising between the servant of a carrier and a passenger, unaccompanied by abusive or insulting language, will give the passenger a right of action. Good faith and respectful treatment are imperative. Insults and wanton abuse are intolerable and are actionable. Whether the conduct and language of defendant's agent in the case at bar was such as to render the defendant liable was a question of fact for the jury, under proper instructions.

Error is assigned upon every paragraph of the charge. We have examined it, however, and we think that the crucial question was properly submitted. The court charged:

"I instruct you, gentlemen of the jury, if you find by a

fair preponderance of the evidence in the case that the conductor in charge of the car on the morning in question, and while in the performance of his duties as conductor, made use of impudent and insulting language to the plaintiff, then the plaintiff is entitled to recover.  *  *  * If you do not find that the conductor used such language and insulted and abused the plaintiff, you will find a verdict of no cause of action."

The unwarranted threat of the conductor to eject the passenger, though unaccompanied by actual expulsion or molestation, as well as his remark when paying plaintiff's fare, were such acts as would afford a basis for plaintiff's recovery if the jury so determined.

A motion for a new trial was made, one of the grounds for which was the claim that the verdict was grossly excessive. This motion was overruled. We here agree with the contention of the defendant. Whether it resulted from passion or prejudice on the part of the jury or not, it is clearly excessive.

The judgment will be set aside and a new trial ordered, unless the plaintiff remits from the amount thereof the sum of $400, in which event it will stand affirmed.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.