VALENTINE v GENERAL AMERICAN CREDIT, INC

Docket No. 71309. Argued October 2, 1984 (Calendar No. 2).—Decided
December 28, 1984. Released January 14, 1985.

Sharon Valentine brought an action in the Wayne Circuit Court
against General American Credit, Inc., seeking damages for
mental distress arising out of an alleged breach of an employ-
ment contract. The court, Harold M. Ryan, J., granted the
defendant's motion for partial summary judgment on the plain-
tiff's mental distress and exemplary damages claims. The Court
of Appeals, Bronson, P.J., and V. J. Brennan, J. (J. H. Gillis, J.,
dissenting), affirmed in an opinion per curiam (Docket No.
61900). The plaintiff appeals.

In a unanimous opinion by Justice Levin, the Supreme Court
*held:*

A person discharged in breach of an employment contract
may not recover damages for mental distress, and, absent an
allegation and proof of tortious conduct independent of a
breach, exemplary damages may not be awarded in a common-
law action for breach of a commercial contract.

1. The law does not generally provide compensation for all
losses. Instead, specific rules have been established providing
for calculation of the damages recoverable in specific actions. In
contract actions, market price is the general standard. Mental
distress damages for breach of contract are recoverable where
the contract has elements of personality and the damages
suffered are not capable of being adequately compensated in
reference to the terms of the contract. Although an employ-
ment contract often will have a personal element and its
breach may result in emotional distress, the primary purpose of
such a contract is economic and not the protection of personal
interests; psychic satisfaction of the employment is secondary.
Mental distress damages for breach of contract have not been
awarded where there is a market standard by which damages
can adequately be determined.

2. In this case, the plaintiff's monetary loss can be estimated

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.
[2] 22 Am Jur 2d, Damages § 46.

with reasonable certainty according to the terms of the contract and the market value of her services; the plaintiff may not recover for mental distress. In addition, because the plaintiff failed to plead and prove the requisite purposeful tortious conduct on the part of the defendant independent of the breach, she may not recover exemplary damages.

Affirmed.

123 Mich App 521; 332 NW2d 591 (1983) affirmed.

1. DAMAGES — MENTAL DISTRESS — EXEMPLARY DAMAGES — EMPLOYMENT CONTRACTS.

A person discharged in breach of an employment contract may not recover damages for mental distress, and, absent an allegation and proof of tortious conduct independent of a breach, exemplary damages may not be awarded in common-law actions for breach of a commercial contract.

2. DAMAGES — MENTAL DISTRESS — EMPLOYMENT CONTRACTS.

Damages in contract actions generally are calculated on the basis of market price, and damages for mental distress for breach of a contract are recoverable only where the contract has personal elements and the damages suffered are not capable of being adequately compensated in reference to the terms of the contract.

*Law Offices of Joseph A. Golden* (by *Joseph A. Golden* and *Patricia A. Stamler)* for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Milton Lucow),* and *Gromek, Bendure & Thomas* (by *Daniel J. Wright),* of counsel, for the defendant.

Amici Curiae:

*The Fishman Group* (by *Steven J. Fishman* and *Malcolm D. Brown)* for Michigan State Chamber of Commerce.

*Stark & Gordon* (by *Sheldon J. Stark)* for Michigan Trial Lawyers Association.

LEVIN, J. Sharon Valentine seeks to recover mental distress damages arising out of the alleged breach of an employment contract. Valentine claims that, under the contract, she was entitled to

job security and the peace of mind that is associated with job security. Because an employment contract providing for job security has a personal element, and breach of such a contract can be expected to result in mental distress, Valentine argues that she should be able to recover mental distress damages. She also asks for exemplary damages.

The Court of Appeals affirmed the decision of the trial court dismissing the claims for mental distress and exemplary damages.[1] We affirm.

I

In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), this Court held that an employment contract providing that an employee would not be terminated except for cause was enforceable although no definite term of employment was stated.

*Toussaint* makes employment contracts which provide that an employee will not be dismissed except for cause enforceable in the same manner as other contracts. It did not recognize employment as a fundamental right or create a new "special" right. The only right held in *Toussaint* to be enforceable was the right that arose out of the promise not to terminate except for cause.

Employers and employees remain free to provide, or not to provide, for job security. Absent a contractual provision for job security, either the employer or the employee may ordinarily termi-

[1] On April 11, 1980, Valentine filed an action alleging breach of a contract of employment and intentional infliction of mental distress. She sought mental distress damages and exemplary damages. On June 1, 1981, the trial court granted defendant General American Credit's motion for partial summary judgment on the issues of mental distress damages and exemplary damages. The Court of Appeals, dividing two-to-one, affirmed. *Valentine v General American Credit, Inc,* 123 Mich App 521; 332 NW2d 591 (1983).

nate an employment contract at any time for any, or no, reason.[2] The obligation which gave rise to this action is based on the agreement of the parties;[3] it is not an obligation imposed on the employer by law. This is an action for breach of contract and not a tort action.

## II

Valentine may not recover mental distress damages for breach of the employment contract, although such damages may have been foreseeable and she might not be "made whole" absent an award of mental distress damages.

Valentine relies on the rule of *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854), which provides that damages recoverable for a breach of contract are those that "may fairly and reasonably be considered either arising naturally, i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it."[4]

Although courts frequently begin analysis with a reference to the rule stated in *Hadley v Baxendale,*[5] that rule has not been applied scrupulously. As stated by Professor Dobbs in his treatise on

[2] See *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 694-695; 316 NW2d 710 (1982), and *Clifford v Cactus Drilling Corp,* 419 Mich 356, 360; 353 NW2d 469 (1984).

[3] *McIntosh v Groomes,* 227 Mich 215, 218; 198 NW 954 (1924); *Lichnovsky v Ziebart Int'l Corp,* 414 Mich 228, 241, fn 23; 324 NW2d 732 (1982); Prosser & Keeton, Torts (5th ed), § 92, pp 655-656; 17 Am Jur 2d, Contracts, § 1, p 333.

[4] *Hadley, supra,* p 354.

[5] See *Frederick v Hillebrand,* 199 Mich 333, 341; 165 NW 810 (1917); 1 Restatement Contracts, § 330, p 509; 3 Restatement Contracts, 2d, § 351, p 135; 5 Corbin, Contracts, § 1007, p 70; Grismore, Contracts (rev ed), § 196, p 302.

remedies, a "difficulty in the *Hadley* type case is that the test of foreseeability *[i.e.,* whether damages 'arise naturally'[6]] has little or no meaning. The idea is so readily subject to expansion or contraction that it becomes in fact merely a technical way in which the judges can state their conclusion."[7]

Under the rule of *Hadley v Baxendale,* literally applied, damages for mental distress would be recoverable for virtually every breach of contract. Professor Dobbs said:

"When a defendant breaches a contract, this may and often does cause pecuniary loss to the other party, at least temporarily. It is a common experience of mankind that pecuniary loss almost invariably causes some form and degree of mental distress."[8]

In *Stewart v Rudner,* 349 Mich 459, 470; 84 NW2d 816 (1957), this Court said that "all breaches of contract do more or less" cause "vexation and annoyance"; similarly, see *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 417; 295 NW2d 50 (1980).[9]

Yet the general rule, with few exceptions, is to "uniformly den[y]" recovery for mental distress damages although they are "foreseeable within the rule of *Hadley v Baxendale.*"[10] The rule barring recovery of mental distress damages—a gloss on the generality of the rule stated in *Hadley v*

---

[6] See 5 Corbin, Contracts, § 1007, p 70.

[7] Dobbs, Remedies, § 12.3, p 814. See also Dobbs, § 12.3, p 804; 5 Corbin, Contracts, § 1007, pp 70-71.

[8] Dobbs, Remedies, § 12.4, p 819.

[9] In *Kewin, supra,* p 417, this Court said that the breach of "almost any agreement, results in some annoyance and vexation."

[10] Grismore, Contracts (rev ed), § 203, p 320. See also *Kewin, supra,* p 414; Dobbs, Remedies, § 12.4, p 819.

*Baxendale*—is fully applicable to an action for breach of an employment contract.[11]

The denial of mental distress damages, although the result is to leave the plaintiff with less than a full recovery, has analogy in the law. The law does not generally compensate for all losses suffered.[12] Recovery is denied for attorney's fees,[13] for mental anguish not accompanied by physical manifestation,[14] and "make-whole" or full recovery has been denied where the cost of performance exceeds the value to the promisee.[15] The courts have not, despite "make whole" generalizations regarding the damages recoverable,[16] attempted to provide compensation for all losses. Instead, specific rules have been established that provide for the calculation of the damages recoverable in particular kinds of actions.[17] In contract actions, the market price is the general standard.[18]

In determining what damages are recoverable, the courts of this state have qualified the general

[11] McCormick, Damages, § 163, pp 637-638, and cases cited therein. See also *Paxson v Cass County Road Comm,* 325 Mich 276, 278-279; 38 NW2d 315 (1949) (Court noted that the trial court had ordered a remittitur of mental distress damages, but did not address the question); *Fisher v General Telephone Co of the Northwest, Inc,* 510 F Supp 347 (ED Mich, 1980); *Isagholian v Carnegie Institute of Detroit, Inc,* 51 Mich App 220; 214 NW2d 864 (1974).

[12] See Dobbs, Remedies, § 1.1, pp 1, 5 and § 3.2, p 146.

[13] *Bullock v Taylor,* 39 Mich 137, 140 (1878); Dobbs, Remedies, § 3.8, p 194; 5 Corbin, Contracts, § 1037, pp 225-227. *Cf. Friedman v Dozorc,* 412 Mich 1, 32, 42; 312 NW2d 585 (1981).

[14] *Manie v Matson Oldsmobile-Cadillac Co,* 378 Mich 650, 658; 148 NW2d 779 (1967) (tort action); 1 Restatement Contracts, § 341, p 559; 5 Corbin, Contracts, § 1076, p 427.

[15] Grismore, Contracts (rev ed), § 195, p 299, citing *Sandy Valley & Elkhorn R Co v Hughes,* 175 Ky 320; 194 SW 344 (1917).

[16] See, *e.g., Hammond v Hannin,* 21 Mich 374, 384 (1870); Grismore, Contracts (rev ed), § 195, pp 298-300.

[17] See McCormick, Damages, and the separate chapters stating the damages recoverable for breach of employment contracts (ch 25), construction contracts (ch 26), sales of personal property (ch 27), and land sale contracts (ch 28).

[18] *Id.*

rule, pursuant to which mental distress damages for breach of contract are not recoverable, with a narrow exception. Rather than look to the foreseeability of loss to determine the applicability of the exception, the courts have considered whether the contract "has elements of personality"[19] and whether the "damage suffered upon the breach of the agreement is capable of adequate compensation by reference to the terms of the contract."[20]

The narrow scope of those verbal formulas appears on consideration of the limited situations in which this Court has allowed the recovery of mental distress damages for breach of contract. In *Vanderpool v Richardson,* 52 Mich 336; 17 NW 936 (1883), recovery was allowed for breach of a promise to marry. In *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957), a doctor who failed to fulfill his promise to deliver a child by caesarean section was required to pay mental distress damages. In *Miholevich v Mid-West Mutual Auto Ins Co,* 261 Mich 495; 246 NW 202 (1933), the plaintiff, who was jailed for failure to pay a liability judgment, recovered mental distress damages from an insurer who had failed to pay the judgment.[21]

Loss of a job is not comparable to the loss of a marriage or a child and generally results in estimable monetary damages. In *Miholevich,* the breach resulted in a deprivation of personal liberty.[22]

[19] *Stewart, supra,* p 471. In *Stewart, supra,* p 471, the Court also said that mental distress damages are recoverable in cases "where a contract is *made* to secure relief from a particular inconvenience or annoyance, or to confer a particular enjoyment." (Emphasis supplied.) See also *Kewin, supra,* p 416, in which the Court emphasized that, for mental distress damages to be recoverable, the parties must have formed "a contract *meant* to secure [the] protection" of personal interests. (Emphasis supplied.)

[20] *Kewin, supra,* p 417. See also *Stewart, supra,* p 470.

[21] *Humphrey v Michigan United R Co,* 166 Mich 645; 132 NW 447 (1911), concerned the duty of a common carrier to a passenger. This duty is imposed by law without regard to contract.

[22] See *Friedman,* fn 13 *supra,* pp 32, 42.

An employment contract will indeed often have a personal element. Employment is an important aspect of most persons' lives, and the breach of an employment contract may result in emotional distress. The primary purpose in forming such contracts, however, is economic and not to secure the protection of personal interests. The psychic satisfaction of the employment is secondary.

Mental distress damages for breach of contract have not been awarded where there is a market standard by which damages can be adequately determined. Valentine's monetary loss can be estimated with reasonable certainty according to the terms of the contract and the market for, or the market value of, her service. Mental distress damages are not awarded an employee found to have been wrongfully discharged in violation of a collective-bargaining agreement.[23]

We conclude, because an employment contract is not entered into primarily to secure the protection of personal interests and pecuniary damages can be estimated with reasonable certainty, that a person discharged in breach of an employment contract may not recover mental distress damages.

III

Valentine has not separately argued her exemplary damage claim. In *Kewin, supra,* pp 420-421, this Court said that "absent allegation and proof of tortious conduct existing independent of the breach, * * * exemplary-- damages may not be awarded in common-law actions brought for breach of a commercial contract." Valentine failed to plead the requisite purposeful tortious conduct,

[23] See 2 Morris, The Developing Labor Law (2d ed), ch 33, pp 1658-1659; Gorman, Labor Law, pp 138-139.

and therefore she may not recover exemplary damages.
Affirmed.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICK-LEY, CAVANAGH, and BOYLE, JJ., concurred with LEVIN, J.