BALOGH v CITY OF FLAT ROCK

Docket No. 69747. Submitted February 15, 1984, at Detroit. Decided September 26, 1985.

Steve F. Balogh filed suit in the Wayne Circuit Court seeking to enjoin the City of Flat Rock from enforcing its ordinances pertaining to fishing, wading, and boating in the Huron River where it passes through the city. The Huron Clinton Metropolitan Authority was added as a defendant because plaintiff also sought portage around the Flat Rock Dam, which is owned by the authority. The state and the Department of Natural Resources (hereafter referred to as the state) later joined as plaintiffs and sought to enjoin the city from enforcing its ordinance prohibiting nonresidents from using HuRoc Park, which includes an island and adjacent land along the Huron River. Subsequently, Balogh entered into a consent judgment with the city. The state moved for summary judgment contending that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on the ground that the ordinance was unconstitutional because it excluded nonresidents from a public park. The circuit court, Roman S. Gribbs, J., denied the state's motion and granted partial summary judgment in favor of the city, upholding the constitutionality of the ordinance. The state appealed, arguing that the ordinance was unlawful because the city may not restrict park access to residents only and, at the same time, claim a tax exemption under the General Property Tax Act, MCL 211.1 et seq.; MSA 7.1 et seq. Held:

1. The Court of Appeals concluded that the state had abandoned its claim that the ordinance is unconstitutional, since the state cited no authority in support of its claim on appeal.

2. Section 7x of the General Property Tax Act exempts from taxation land dedicated to the public and used as a park open to all residents of the state. Therefore, in this case, the city

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 et seq., 566.
Am Jur 2d, Parks, Squares, and Playgrounds §§ 1, 12.
Am Jur 2d, State and Local Taxation §§ 337, 342, 344.
See the annotations in the ALR3d/4th Quick Index under Parks and Playgrounds; Public Lands and Property; Taxes.

may not restrict access to HuRoc Park and, at the same time, claim a tax exemption.

Affirmed.

1. APPEAL — PRESERVING QUESTION — QUESTIONS OF LAW.

An issue not raised in the trial court is generally precluded from appellate review; however, if the question is one of law and all of the facts necessary for its resolution have been presented, the Court of Appeals may review the claim.

2. TAXATION — PROPERTY TAX — EXEMPTIONS — PUBLIC PARKS — STATUTES.

A park owned by a municipality and accessible only to residents of the municipality by virtue of an ordinance banning access for nonresidents does not qualify for tax exemption under the General Property Tax Act, which requires that a park be open to all residents of the state to be exempt from property taxes (MCL 211.7m, 211.7x; MSA 7.7[4j], 7.7[4u]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Stewart H. Freeman* and *Elizabeth L. Valentine,* Assistant Attorneys General, for plaintiff.

*Gazley & Grunow* (by *David P. Grunow*), for defendant.

Before: ALLEN, P.J., and V. J. BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff Balogh began these proceedings to enjoin the City of Flat Rock from enforcing its ordinances pertaining to fishing, wading, and boating in the Huron River where it passes through the city. Defendant Huron Clinton Metropolitan Authority was added as a party defendant because plaintiff also sought portage around the Flat Rock Dam, which is owned by the authority. Plaintiff Balogh arrived at a consent judgment with the city, terminating his involvement in the case.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

At some point, the State of Michigan, through its Attorney General and the Department of Natural Resources, joined as plaintiffs, seeking an injunction to prevent the city from enforcing its ordinance prohibiting nonresidents from using Hu-Roc Park, which includes an island and adjacent land along the Huron River in the City of Flat Rock. Although the circuit court file is silent on the subject, the parties in their briefs inform us that the state made a motion for summary judgment pursuant to GCR 1963, 117.2(3), on the ground that the ordinance was unconstitutional because it excluded nonresidents from a public park.

Judge Roman S. Gribbs, then a Wayne Circuit Court judge, not only denied the state's motion for summary judgment, but entered partial summary judgment for the city on the constitutional issue. Judge Gribbs determined that the ordinance did not violate the equal protection clauses of either the state or United States constitutions, because the ordinance had a rational basis. He noted that, unless an ordinance affects fundamental rights or a suspect class, it enjoys a presumption of reasonableness, and it is incumbent upon the party who assails it to establish its arbitrariness. This the state did not do, whereas the city's argument that admitting nonresidents would cause overcrowding and displace residents whose taxes supported the facility had merit. The court concluded it was "satisfied that the ordinance prohibiting nonresidents from the use of HuRoc Park is a reasonable exercise of the city's legislative authority and does not invidiously discriminate against nonresidents."

On appeal the state claims it is objecting to the trial court's determination that the ordinance is constitutional, but makes no argument in support of this claim. Indeed, the state scarcely mentions

the constitution in its brief, and has not cited either the constitution or the provisions under which the ordinance should be struck down. The state has offered nothing to dispute the trial court's conclusion that the ordinance is reasonable. We must conclude that the state has abandoned its argument that the ordinance is unconstitutional. *Livonia v Dep't of Social Services,* 123 Mich App 1, 19; 333 NW2d 151 (1983).

Instead, the state urges us to find the ordinance unlawful because the city may not restrict the nonresident public from using the park and at the same time enjoy a tax exemption on the property, according to the General Property Tax Act, 1893 PA 206, as amended. MCL 211.7m, 211.7x; MSA 7.7(4j), 7.7(4u).

The city concedes that it has claimed a tax exemption for the park since 1950, and has restricted the use of the park to residents or property owners since 1955. It argues that the state's construction of the statute indicates the city may be claiming an exemption to which it is not entitled, but does not justify invalidating the ordinance.

The incomplete lower court record does not indicate whether the parties ever raised the tax exemption issue in that court, and neither Judge Gribbs's written opinion nor his final order makes any mention of it. Generally, an issue not raised below is beyond the scope of appellate review. GCR 1963, 801.3(1). However, if the question is one of law, and all of the facts necessary for its resolution have been presented, this Court may review the claim. *Kahn-Reiff, Inc v Detroit & Northern Savings & Loan Ass'n,* 59 Mich App 1, 12; 228 NW2d 816 (1975). Construction of the tax exemption provisions being a question of law, we agree with the state that the park's "residents only" admission

rule is in conflict with its tax-exempt status under the statute, but agree with the city that this does not justify invalidating the ordinance.

Section 7m of the property tax act provides:

> Property owned by . . . a political subdivision . . . [which] is used to carry out a public purpose itself or on behalf of a political subdivision . . . is exempt from taxation under this act. Parks shall be open to the public generally. [MCL 211.7m; MSA 7.7(4j).]

Section 7x exempts from taxation:

> Land dedicated to the public and used as a park open to the public generally . . . as used in this subdivision, "public" means all the residents of this state. [MCL 211.7x; MSA 7.7(4u).]

The words in the above provisions "open to the public generally," as well as the definition of "public" to include all state residents, were added by the Legislature in 1952 PA 54, perhaps as a response to the Supreme Court's decision in *Village of Grosse Pointe Woods v Village of St Clair Shores,* 326 Mich 376; 40 NW2d 190 (1949). The Court in that case had held that a park restricted by deed for use by residents and taxpayers of the Village of Grosse Pointe Woods was exempt from taxation, despite the restriction, because it was still used for a public purpose, which is all that the predecessor to § 7x required for tax exemption. Whether the statute was amended to alter this holding we do not know. But the amendments effectively exterminated its precedential value. The city in the instant case thus could not argue that by opening the park only to its residents it nevertheless satisfies the statutory requirement that the park be open to the public, since the

statute now makes clear that only parks open to all Michigan residents may enjoy tax exemption.

The preamble to the general property tax provisions declares this to be "an act to provide for the assessment of property and the levy and collection of taxes thereon . . . ." MCL 211.1 *et seq.;* MSA 7.1 *et seq.* One of the most basic statutory construction rules requires words to be read in light of the general purpose sought to be accomplished by the statute. *General Motors Corp v Erves,* 395 Mich 604, 617; 236 NW2d 432 (1975). Therefore, the city's argument that the tax statute cannot be used to mandate that all Michigan parks must be open to all state residents is sound. To hold otherwise would violate not only canons of statutory construction, but might also run afoul of the "single object" provision of the Michigan Constitution, Const 1963, art 4, § 24.

The state argues, "Either the park must be open to all residents of the state, or the city is not entitled to the property tax exemption it has claimed over the past thirty years." We agree with the state that this is an accurate summation of the statutory provisions on which the state relies; but the logical corollary is, if the park is not open to all state residents, the tax exemption is illegal. We decline to endorse the converse of this statement, that if the park has been tax exempt, then it must be open to the public of this state.

In other words, as the city's conduct is at odds with our interpretation of the tax exemption statute, the remedy here would be to remove the tax exemption. We do not believe, however, that the remedy includes the assessment of back taxes owed by the city, and we decline to give our interpretation of the statute retroactive effect to cover the past thirty years. We point out that the statute does not authorize the alternative remedy

of continuing the tax exemption and invalidating the restrictive ordinance. The city is free to choose this route and retain its tax exemption, but we will not compel it on authority from the General Property Tax Act.

Affirmed.