HETES v SCHEFMAN & MILLER LAW OFFICE

Docket No. 86126. Submitted April 2, 1986, at Detroit. Decided May 21, 1986.

Plaintiff, Joan D. Hetes, was employed as a receptionist by defendant Schefman & Miller Law Office. She brought an action in the Oakland Circuit Court against the law firm and several of its employees, alleging breach of contract and libel and seeking various damages, including damages for loss of self-esteem and confidence in her abilities due to defendants' wrongful acts, including intentional infliction of emotional distress. The libel count was dismissed by stipulation. The court, David F. Breck, J., granted summary disposition of the other count for lack of a genuine issue of material fact. Plaintiff appealed. *Held:*

1. There was evidence that agents of the law firm assured her that she would have a job as long as she did a good job. Oral representations by an employer to an employee that she would remain employed as long as she did a good job may reasonably be constituted as a promise to discharge the employee only for good or just cause. The questions of whether plaintiff's contract included a termination for just cause provision and whether she was terminated in breach of the oral contract were for the jury and summary judgment was improperly granted on this basis.

2. A person discharged in breach of an employment contract may not recover damages for mental distress, and, absent an allegation and proof of tortious conduct independent of a breach, exemplary damages may not be awarded in common-law actions for breach of a commercial contract. Plaintiff failed to plead a breach of duty distinct from the breach of contract.

REFERENCES

Am Jur 2d, Damages §§ 70, 195.

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 33, 34.

Am Jur 2d, Master and Servant §§ 14, 34, 45.

Liability of employer, supervisor, or manager for intentionally or recklessly causing employee emotional distress. 86 ALR3d 454.

See also the annotations in the ALR3d/4th Quick Index under Master and Servant.

Plaintiff did not plead enough facts to allege a cause of action for intentional infliction of emotional distress. Summary disposition of plaintiff's claim for emotional distress was proper.

Affirmed in part and reversed in part.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — JOB SECURITY — PERSONNEL POLICIES.

A provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term; such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements.

2. LABOR RELATIONS — EMPLOYMENT CONTRACTS — TERMINATION EVIDENCE — JUST CAUSE.

Oral representations by an employer to an employee that he would remain employed as long as he did a good job may reasonably be construed as a promise to discharge the employee only for good or just cause.

3. DAMAGES — MENTAL DISTRESS — EXEMPLARY DAMAGES — EMPLOYMENT CONTRACTS.

A person discharged in breach of an employment contract may not recover damages for mental distress, and, absent an allegation and proof of tortious conduct independent of a breach, exemplary damages may not be awarded in common-law actions for breach of a commercial contract.

*Delores Preston-Cooper,* for plaintiff.

*Eisenberg & Mazor, P.C.* (by *Leonard M. Mazor*), for defendants.

Before: CYNAR, P.J., and WAHLS and E. E. BORRADAILE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting summary disposition of plaintiff's complaint for breach of an oral employment contract.

Plaintiff was employed as a receptionist for de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant law firm from September, 1983, until May, 1984. Plaintiff did not enter into a written contract. At the time of her hire, the law firm gave plaintiff an office manual which outlined employee duties and responsibilities. The manual did not specify termination procedures. In addition, plaintiff had at least two conversations with representatives of the law firm prior to assuming the receptionist position. Plaintiff testified in her deposition that, in both conversations, she was assured that " . . . I had a job as long as I did a good job."

Plaintiff was discharged from employment on May 9, 1984. The circumstances surrounding her discharge are in dispute. In August, 1984, plaintiff filed a complaint alleging that defendants had breached the employment contract by failing to pay plaintiff's hospitalization benefits and by terminating plaintiff's employment in bad faith and without just cause. Plaintiff further alleged that, as a result of defendants' wrongful acts, including intentional infliction of emotional distress, she suffered from loss of self-esteem and confidence in her ability. Plaintiff's second count, for libel, was dismissed by stipulation of the parties.

The trial court granted defendants' motion for summary judgment on the basis that plaintiff's deposition testimony established that plaintiff had a "satisfaction" contract and could be terminated at any time without just cause. Plaintiff argues on appeal that the defendants' assurances that she would have a job as long as she "did a good job" constituted an oral promise that she not be discharged except for just cause and that the lower court erred in summarily dismissing her claim.

The circuit court did not specify which section of the court rule it was relying upon in granting summary judgment. However, since the court referred to plaintiff's deposition testimony as the

basis for its decision, we conclude that summary judgment was granted pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), no genuine issue as to any material fact.

Summary judgment is appropriate under this subrule only if the court is satisfied that it is impossible for the nonmovant's claim to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Courts are liberal in finding that a genuine issue of material fact does exist and must give the benefit of every reasonable doubt to the party opposing the motion. *Rizzo, supra; Wong v City of Riverview,* 126 Mich App 589; 337 NW2d 589 (1983); *Jones v Schaeffer,* 122 Mich App 301; 332 NW2d 423 (1982).

In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980), the Supreme Court held that

> 1) a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term—the term is "indefinite," and
>
> 2) such a provision may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements.

The oral representations relied upon in *Toussaint* and *Ebling v Masco Corp,* its companion case, are almost identical to those given to plaintiff in the present case. Moreover, in both cases, the Court decided that, based on the representations, juries could conclude that the defendant companies had

entered into express agreements to discharge Toussaint and Ebling only for cause. We believe that a jury could reach a similar conclusion in the present case.

Here, defendants' representatives orally assured plaintiff that she would remain employed as long as she did a good job. Contrary to the lower court's finding, a jury could reasonably have construed the oral representations as a promise to discharge only for good or just cause. *Toussaint, supra,* p 610. See also *Cowdrey v A T Transport,* 141 Mich App 617, 621; 367 NW2d 433 (1985); *Bullock v Automobile Club of Michigan,* 146 Mich App 711; 381 NW2d 793 (1985). Therefore, the questions of whether plaintiff's contract included a termination for just cause provision and whether she was terminated in breach of the oral contract were for the jury and summary judgment was improperly granted on this basis.

Plaintiff also argues that the trial court erred in granting summary disposition on that portion of her claim alleging emotional distress. We note that plaintiff failed to plead intentional infliction of emotional distress in a separate count but rather incorporated it in her breach of contract claim.

Damages for mental distress are not recoverable for breach of an employment contract. *Valentine v General American Credit, Inc,* 420 Mich 256, 259; 362 NW2d 628 (1984). Furthermore, in order to recover exemplary damages, plaintiff must plead tortious conduct independent of the breach of contract. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 419; 295 NW2d 50 (1980); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641; 378 NW2d 558 (1985). Our review of plaintiff's complaint reveals that plaintiff failed to

plead a breach of duty distinct from the breach of contract.

Plaintiff's single reference to intentional infliction of emotional distress is conclusory at best and fails to allege the basic elements of that cause of action. See *Roberts v Auto Owners Ins Co*, 422 Mich 594; 374 NW2d 905 (1985). Plaintiff states only that as a result of "defendants' malicious and wrongful acts, including intentional infliction of emotional distress, plaintiff suffers from loss of self-esteem and confidence in her abilities." This is insufficient to state a cause of action for intentional infliction of emotional distress. Summary judgment was proper as to plaintiff's claim for emotional distress.

Plaintiff also asks this Court to find that she was not terminated for just cause and that defendants breached the employment contract. These are questions properly left to the trier of fact and inappropriate for appellate review.

Reversed in part and affirmed in part.