LOPUS v L & L SHOP-RITE, INC

Docket No. 96787. Submitted January 12, 1988, at Lansing. Decided
May 20, 1988. Leave to appeal denied, 431 Mich 883.

Stella Lopus' employment at will as a cashier for L & L Shop-
Rite, Inc., was terminated by L & L Shop-Rite. Lopus, who
began suffering rheumatoid arthritis during her employment,
filed a claim with the Bureau of Workers' Disability Compensa-
tion, which Lopus and L & L Shop-Rite eventually settled.
Lopus then brought an action for wrongful discharge against L
& L Shop-Rite in the Ingham Circuit Court. Plaintiff subse-
quently filed an amended complaint alleging retaliatory dis-
charge from employment in violation of public policy, asserting
that she was fired because defendant suspected that she would
file a workers' compensation claim against defendant. The trial
court, Robert Holmes Bell, J., granted summary disposition in
favor of defendant, ruling that plaintiff's action sounded in
contract, not tort, and that plaintiff had failed to set forth any
damages or loss compensable in contract. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's employment was terminated before she filed a
claim for workers' compensation benefits. Thus, her discharge
was not in retaliation for having filed a workers' compensation
claim. Also, an action for wrongful discharge in retaliation for
filing a workers' compensation claim sounds in contract, not
tort.

2. Damages for mental distress are not recoverable in a
contract action.

3. Exemplary damages, in an action for breach of an employ-

REFERENCES

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 33-35.
Am Jur 2d, Master and Servant §§ 48, 48.7, 50, 60 *et seq.*
Liability of employer, supervisor, or manager for intentionally or
recklessly causing employee emotional distress. 52 ALR4th 853.
Damages recoverable for wrongful discharge of at-will employee. 44
ALR4th 1131.
Recovery for discharge from employment in retaliation for filing
workers' compensation claim. 32 ALR4th 1221.

ment contract, are not recoverable in the absence of an allegation and proof of tortious conduct independent of a breach of the employment contract.

4. Plaintiff did not raise in the trial court and thus failed to preserve for appeal the claim that defendant negligently failed to follow its own policies with regard to disciplinary and discharge procedures. In any event, a breach of an employment contract does not give rise to a tort claim where the breach of duty is indistinguishable from the breach of contract.

5. The trial court correctly concluded that no contract damages existed since any loss or damage suffered by plaintiff was attributable to her inability, due to rheumatoid arthritis, to perform her employment duties.

Affirmed.

SHEPHERD, P.J., concurred separately in the result. He would hold that since plaintiff was incapable of working it is not necessary for the Court to reach the question of whether her discharge presents a contract or tort action.

1. MASTER AND SERVANT — WRONGFUL DISCHARGE — RETALIATORY DISCHARGE — ACTIONS.

    An action claiming retaliatory discharge is an action asserting a specific type of wrongful discharge and constitutes a contract action.

2. DAMAGES — MENTAL DISTRESS — EXEMPLARY DAMAGES — EMPLOYMENT CONTRACTS.

    Damages for mental distress are not recoverable in an action for breach of an employment · contract and, absent an allegation and proof of tortious conduct independent of a breach of the employment contract, exemplary damages are not recoverable.

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — BREACH OF CONTRACT — NEGLIGENCE.

    A breach of an employment contract does not give rise to an action sounding in negligence when the breach of duty is indistinguishable from the breach of contract.

*Sablich & Clinton, P.C.* (by *Mary F. Clinton*), for plaintiff.

*Oade & Stroud, P.C.* (by *Ted W. Stroud*), for defendant.

Before: SHEPHERD, P.J., and WAHLS and G. B.
FORD,* JJ.

PER CURIAM. In this wrongful discharge case,
plaintiff, Stella Lopus, appeals from the grant of
summary disposition in favor of defendant, L & L
Shop-Rite, Inc., by the Ingham Circuit Court in an
order dated November 10, 1986. We affirm.

The record reveals that plaintiff was hired as a
cashier by defendant in December, 1980. Sometime
thereafter, plaintiff was diagnosed as having rheu-
matoid arthritis in both wrists, and by July or
August, 1983, the pain she experienced was becom-
ing "unbearable." She also began to have arthritic
pain in her knees, elbows and shoulders. In Sep-
tember, 1983, plaintiff, an at-will employee, was
fired for having accepted an improper personal
check. Plaintiff testified in her deposition, how-
ever, that her discharge violated defendant's disci-
plinary policy, which required giving a reprimand
to an employee before discharging the employee.
Plaintiff opined that the real reason for her termi-
nation was that defendant discovered that she was
suffering from arthritis. According to plaintiff, at
the time of her discharge from employment in
September, 1983, she was "so sick" that her rheu-
matologist was "ready to put me in the hospital
for three weeks." She also explained that, after
her discharge, her intermittent arthritic pain pre-
cluded her from working or from performing the
duties of a cashier.

Plaintiff subsequently filed a claim with the
Bureau of Workers' Disability Compensation,
which she settled with defendant on November 20,
1984. Under the terms of the parties' redemption
agreement, plaintiff released defendant from liabil-

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

ity for all past, present and future compensation benefits and signed a resignation from employment in exchange for the payment of $12,500.

On January 18, 1985, plaintiff filed a complaint against defendant in the Ingham Circuit Court, alleging wrongful discharge and discrimination. Defendant's motion for summary disposition, filed under MCR 2.116(C)(7), was denied by the trial court in an order dated June 27, 1985. Thereafter, plaintiff filed an amended complaint alleging retaliatory discharge from employment in violation of public policy, asserting that she was fired "because defendant suspected that she was going to file a workers' compensation claim against defendant." The amended complaint prompted defendant to file a second motion for summary disposition, this time under MCR 2.116(C)(10)—no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The trial court granted defendant's motion after conducting a hearing on October 29, 1986, concluding that plaintiff's case sounded in contract, not tort, and that plaintiff had failed to set forth any damages or loss compensable in contract. We agree.

Plaintiff argues that her claim for retaliatory discharge sounds in tort, not contract, and entitles her to seek damages for the embarrassment, humiliation, pain, suffering, and emotional distress she experienced after her discharge from employment in September, 1983, and before her voluntary resignation from employment on November 29, 1984. In support of her assertion that her retaliatory-discharge claim sounds in tort, plaintiff relies on *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), and *Goins v Ford Motor Co,* 131 Mich App 185; 347 NW2d 184 (1983), lv gtd 422 Mich 857 (1985), order granting lv vacated and lv den 424 Mich 879 (1986). In *Sventko,* the

plaintiff, an at-will employee, filed a workers' compensation claim and, while on a disability leave, was notified that she would not be allowed to return to work. She subsequently filed an action for retaliatory discharge, and this Court—while mindful of the common-law right of an employer to discharge an at-will employee for any reason or for no reason at all—held that "an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state." *Sventko, supra,* p 647. In that case, the employer's retaliatory discharge of the plaintiff could have been prompted by plaintiff's filing for workers' compensation benefits. In dissent, Chief Judge DANHOF asserted that the majority was engaging in "judicial legislation" since "[t]here is no provision [in Michigan's workers' compensation statute] that precludes an employer from discharging an employee at will after that employee has been compensated" in accordance with the statute. In *Goins,* a panel of this Court ruled that an action for wrongful discharge in retaliation for having filed a workers' compensation claim sounds in tort, not contract. In support of its conclusion, the *Goins* panel cited *Sventko* and an Indiana case, *Scott v Union Tank Car Co,* 75 Ind App 150; 402 NE2d 992 (1980).

We note, first, that *Sventko* and *Goins* are factually distinguishable from the instant case because plaintiff's discharge was not technically in retaliation for the filing of a claim for workers' compensation; she was, in fact, fired before her claim for compensation was filed. Second, we agree with another panel of this Court—contrary to the ruling in *Goins*—that an action for wrongful discharge from employment in retaliation for having filed a workers' compensation claim sounds in

contract, not tort. Thus, we cite with agreement the following language from *Watassek v Dep't of Mental Health,* 143 Mich App 556, 564-565; 372 NW2d 617 (1985), lv den 424 Mich 878 (1986):

> As the Supreme Court discussed in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980), cf., *Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1984), an action for wrongful discharge is one mainly *ex contractu.* An action claiming retaliatory discharge is an action asserting a specific type of wrongful discharge and thus constitutes a contract action. Although we are mindful of the case of *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983), lv gtd 422 Mich 857 (1985), wherein this Court ruled that an action for retaliatory discharge was one in tort, we can find no rational basis to label one wrongful discharge a contract and the other a tort. Moreover, we find that the *Goins* panel's reliance on *Sventko, supra,* is misplaced; that case did not in fact determine that the action was one in tort. Although the *Goins* panel also relied on *Scott v Union Tank Car Co,* 75 Ind App 150; 402 NE2d 992 (1980), a case in which the Indiana Appeals court ruled, on facts similar to those in *Sventko,* that the claim sounded in tort, we note with approval the lengthy dissent which reasons that the claim is better characterized as one in contract. Finally, the *Trombetta* [*v Detroit, T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978), lv den 403 Mich 855 (1978)] and *Sventko, supra,* cases consider the issue of wrongful discharge in terms of an employment contract and not as a tort.

Since plaintiff's claim sounds in contract, her damages due to mental distress are not recoverable. *Valentine v General American Credit, Inc,* 420 Mich 256, 259; 362 NW2d 628 (1984). Moreover, plaintiff is unable to recover exemplary dam-

ages since she has not pled or proven tortious
conduct independent of the breach of contract.
*Kewin v Massachusetts Mutual Life Ins Co,* 409
Mich 401, 419; 295 NW2d 50 (1980); *Hetes v Schef-
man & Miller Law Office,* 152 Mich App 117, 121-
122; 393 NW2d 577 (1986). Her argument on ap-
peal that defendant negligently failed to follow the
disciplinary and discharge procedures outlined in
its employees' handbook was raised neither in her
original nor amended complaint. This issue, there-
fore, is beyond the scope of appellate review. *Bal-
ogh v City of Flat Rock,* 152 Mich App 517, 520;
394 NW2d 1 (1985). We note, however, that Michi-
gan law, as clarified in recent opinions issued by
this Court, does not recognize a cause of action for
negligent performance of a contract and provides
that a breach of an employment contract does not
give rise to a tort claim where the breach of duty
is indistinguishable from the breach of contract.
See *Struble v Lacks Industries, Inc,* 157 Mich App
169, 176; 403 NW2d 71 (1986), *Hetes, supra,* and
*Brewster v Martin Marietta Aluminum Sales, Inc,*
145 Mich App 641, 667-668; 378 NW2d 558 (1985).

At the October 29, 1986, summary disposition
hearing, the trial court succinctly phrased "the
heart of the issue" as: "Are there any *contract*
damages here for this at will employment?" (Em-
phasis added.) It then concluded that no contract
damages existed because any loss or damage suf-
fered by plaintiff was attributable—as recounted
by plaintiff herself in her deposition testimony—to
plaintiff's inability, due to rheumatoid arthritis, to
perform her cashier duties at and after the time of
her discharge from employment. Our review of all
the evidence in this case, giving the benefit of any
reasonable doubt to plaintiff, convinces us that it
would be impossible for plaintiff's contract claim
to be supported at trial. *Stebbins v Concord Wrig-*

*ley Drugs, Inc,* 164 Mich App 204; 416 NW2d 381 (1987). Accordingly, we affirm the trial court's grant of summary disposition in favor of defendant under MCR 2.116(C)(10).

Affirmed.

SHEPHERD, P.J. *(concurring).* I concur in the result. It is not necessary for us to resolve the question of whether this is a contract or a tort action. Plaintiff in this case admittedly was incapable of working. She was entitled to claim and did claim workers' compensation benefits and this claim was settled, i.e., she received benefits. If plaintiff were capable of working we would be faced with the question of whether her having been discharged is a contract or tort action. Since she cannot work, the issue need not be resolved.