Cheryl **WALKER**, Plaintiff,

v.

**AMOCO OIL COMPANY**, a/k/a ACA Management Services Company, Defendant.

Civ. A. No. 93–72088.

United States District Court, E.D. Michigan, S.D.

Nov. 12, 1993.

Mark C. Pierce, Pierce & Pierce, Birmingham, MI, for plaintiff.

John M. Boyda, Haisch & Boyda, Detroit, MI, for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Cheryl Walker was terminated by defendant ACA Management Services Company, an operating division of Amoco Oil Company ("Amoco"). Plaintiff claims that she was discharged in breach of a just cause employment contract. Amoco contends that plaintiff's employment was terminable at will, and that in any event, plaintiff was fired for cause. Before the court is Amoco's motion for summary judgment. For the reasons stated below, the court will grant its motion.

### I. Facts

Plaintiff was employed by Amoco from April 30, 1991 until April 28, 1992. Initially, she was hired as a cashier at an Amoco Food Shop. Plaintiff later became a management trainee and was made the temporary manager of a food shop in November of 1991. In April of 1992, plaintiff was fired due to alleged shortages in cash and inventory at her store that had occurred over a period of several months. Plaintiff claims, however, that the shortages were not her fault.

### II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is

merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

 Michigan law provides that employment relationships are terminable at will. *Toussaint v. Blue Cross & Blue Shield,* 408 Mich. 579, 292 N.W.2d 880 (1980). Without an express contractual provision to the contrary, an employee can be terminated at any time without cause. *Valentine v. General Am. Credit, Inc.,* 420 Mich. 256, 258–59, 362 N.W.2d 628 (1984). Discharge only "for cause" may become part of the employment contract by express agreement or "as a result of an employee's legitimate expectations grounded in an employer's policy statements." *Toussaint,* 409 Mich. at 598, 292 N.W.2d 880.

Plaintiff contends that a "Conditions of Employment" form issued by Amoco created an expectation of a just cause contract. The form lists "some" of the misconduct that she could be disciplined for while she was an employee of Amoco. It did not detail a disciplinary procedure. Among the reasons that could "warrant disciplinary action up to and including immediate termination of employment" was "(1) continued cash and/or stock shortages."

 The court finds that a legitimate expectation of a just cause contract was not created by the written policies of Amoco. In *Rowe v. Montgomery Ward & Co.,* 437 Mich. 627, 473 N.W.2d 268 (1991), the Michigan Supreme Court examined a document similar to the "Conditions of Employment" form at issue in this case. In *Rowe,* the court looked at a "Rules of Personal Conduct" form that listed possible reasons for discharge. The court found that the mere enumeration of reasons for discharge is insufficient to create a just cause contract. *Id.,* at 646; *see also Dell v. Montgomery Ward & Co.,* 811 F.2d 970 (6th Cir.1987).

None of the documents given to the plaintiff during her employment suggested that the conduct enumerated in the "Conditions of Employment" form were the only possible reasons for dismissal. In fact, the document is entirely consistent with an at-will employment policy. Furthermore, the ACA Station Manual discusses "employment policies for the station manager." It states as follows:

Employment at Will

The policies and procedures set forth in this manual are an informational guide for employees and are subject to change any time without prior notice. They are not intended to create, nor shall they be construed to form, a contract between Amoco and any one or all of its employees.

A similar provision is included in the Employee Handbook.

Plaintiff also alleges that an elaborate system of progressive discipline was in place to guide the conduct of employees. For example, she points to certain verbal representations by supervisors that cashiers could not be fired without four written reprimands prior to discharge. As a manager, she was also under the impression that warnings had to be given before discharging an employee.

 It is clear under Michigan law, however, that a progressive disciplinary system does not raise a legitimate expectation of a just cause contract. *See Baggs v. Eagle–Picher Indus., Inc.,* 957 F.2d 268 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 466, 121 L.Ed.2d 374 (1992); *Vollrath v. Georgia Pacific Corp.,* 899 F.2d 533 (6th Cir.), *cert.*

*denied,* 498 U.S. 940, 111 S.Ct. 345, 112 L.Ed.2d 310 (1990). The fact that a company gives its managers guidance or rules in how they supervise their employees does not raise a legitimate expectation that termination can only be for cause.

■ Plaintiff admits that she did not engage in negotiations for job security when she was hired. In fact, she did not even raise the issue. No oral representations were made to her that she would not be discharged except for good cause. One person said that she hoped that things went well for the plaintiff. None of the manuals or forms that plaintiff received gave the impression of a just cause contract. Based on the circumstances of this case, plaintiff has failed to rebut the presumption under Michigan law of at-will employment.

■ Even if an implied just cause employment contract existed between plaintiff and Amoco, it is clear that plaintiff was fired for good cause. One of the just causes listed on the Conditions of Employment form that plaintiff claims establishes her contract is "continued cash and/or stock shortages." Plaintiff admits that the food shop that she was managing was having trouble with its audits and that there were shortages over a period of months. Two months before she was fired, plaintiff received two written reprimands for shortfalls in cash and missing merchandise. When this situation continued, plaintiff was fired.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED.** Plaintiff's complaint is **DISMISSED.**

**SO ORDERED.**

### JUDGMENT

This action came before the Court, Honorable Paul V. Gadola, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered,

**IT IS ORDERED AND ADJUDGED** that, as set forth in the court's memorandum opinion and order, the plaintiff take nothing and that the action be dismissed on the merits.