JONES v SCHAEFFER

Docket No. 57249. Submitted May 9, 1982, at Detroit.—Decided December 10, 1982.

In 1978, the Michigan Bureau of State Lottery received a complaint regarding the operation of bingo games conducted by the plaintiffs, Leslie Jones and Patricia Haase, for the Michigan Democratic Party. The games were held in a hall owned by defendants Jovanka Stevanovich and Dusan Stevanovich. In response to the complaint, the bureau sent a field representative, defendant Ted Schaeffer, to conduct an audit. Schaeffer appeared at the hall and, during the course of the evening, plaintiff Patricia Haase requested Schaeffer to address the bingo players to explain what he was doing at the game. Schaeffer agreed and addressed the group over a loud speaker system. After making the announcement, Schaeffer turned off the speaker system and began conversing with several of the bingo players. During this conversation, Schaeffer allegedly stated that "the audit was for the protection of the people there and to see if the organization gets the money or someone is making payments on someone's Cadillac". Jones and Haase brought an action for slander in the Macomb Circuit Court. The court ordered the case removed to the 40th District Court, which granted summary judgment for defendant Schaeffer. Plaintiffs appealed and the Macomb Circuit Court, Raymond R. Cashen, J., reversed, reinstating plaintiffs' suit. Defendant Schaeffer appealed by leave granted. *Held:*

The alleged statement is, as a matter of law, not slander. Reversed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based on a plaintiff's failure to state a claim upon which relief can be granted is to be considered by an examination of the pleadings alone; a reviewing

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 50 Am Jur 2d, Libel and Slander §§ 3, 8-10.

court is to accept as true the well-pleaded facts in the plaintiff's complaint and to determine whether these claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. Judgments — Summary Judgment — Genuine Issues of Fact — Court Rules.

Affidavits, pleadings, depositions, admissions and other documentary evidence must be considered by a court when considering a motion for summary judgment for failure to state a genuine issue of material fact, and the benefit of every reasonable doubt must be given to the party opposing the motion; this motion tests whether factual support exists for the claim made (GCR 1963, 117.2[3]).

3. Libel and Slander — Slander Per Se — Accusation of Commission of Crime.

In order to create liability for slander there must be an unprivileged publication of a false and defamatory statement about another which is actionable per se or is the legal cause of special harm to another; false accusation of a crime is slander per se.

*Rock, Bove, Butler & McKnight* (by *Richard D. McKnight*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Alan H. Broad*, Assistant Attorney General, for defendant Schaeffer.

Before: J. H. Gillis, P.J., and Wahls and R. H. Bell,* JJ.

Per Curiam. This matter is an action for slander. In 1978, the Michigan Bureau of State Lottery received a complaint regarding the operation of bingo games conducted by the plaintiffs for the Michigan Democratic Party. The games were held in a hall owned by defendants Jovanka Stevanovich and Dusan Stevanovich. In response to the

* Circuit judge, sitting on the Court of Appeals by assignment.

complaint, the bureau sent a field representative, defendant Ted Schaeffer, to conduct an audit. Schaeffer appeared at the hall on February 10, 1978, and, during the course of the evening, plaintiff Patricia Haase requested Schaeffer to address the bingo players to explain what he was doing at the game. Schaeffer agreed and addressed the group over a loud speaker system. After making the announcement, Schaeffer turned off the speaker system and began conversing with several of the bingo players. During this conversation, Schaeffer allegedly stated that "the audit was for the protection of the people there and to see if the organization gets the money or someone is making payments on someone's Cadillac". Thereafter, Ms. Haase commenced the present action in the circuit court, alleging that she owns a Cadillac, that the people who heard Schaeffer's remark knew she owned such a vehicle and that the clear meaning of the remark was that she was stealing the bingo money to make payments on her Cadillac.

The circuit court ordered the suit removed to district court where Schaeffer was granted summary judgment pursuant to DCR 1969, 117.2, subds (1) and (3). Plaintiffs appealed to circuit court. The circuit court reversed the district court's order and reinstated plaintiff's suit. Defendant Ted Schaeffer then sought and was granted leave to appeal to this Court.

It should first be noted that the language contained in DCR 1969, 117.2, subds (1) and (3) is identical to that contained in GCR 1963, 117.2, subds (1) and (3). Therefore, for purposes of this appeal, this Court shall analyze the matter as though the motions were brought under the general court rules.

Motions for summary judgment under GCR

1963, 117.2(1) challenge the legal sufficiency of the pleadings and are to be determined by an examination of the pleadings alone. This Court's role as a reviewing court is to accept as true all well-pled facts in the complaint. This Court must determine whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. See *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975); *Tumbarella v Kroger Co,* 85 Mich App 482; 271 NW2d 284 (1978).

Summary judgment under GCR 1963, 117.2(3) is proper when there is no genuine issue as to any material fact. A motion for summary judgment under this section tests whether there is factual support for the claim. Affidavits, depositions, admissions and other documentary evidence must be considered by the court. Further, courts are to be liberal in finding a genuine issue exists in order not to infringe upon a party's right to a trial of the disputed issues. *Tumbarella, supra; Bob v Holmes,* 78 Mich App 205; 259 NW2d 427 (1977).

In order to create liability for slander there must be an unprivileged publication of a false and defamatory statement about another which is actionable per se or is the legal cause of special harm to another. False accusation of a crime is slander per se. See *Tumbarella, supra.*

The alleged defamatory statement in the instant matter was:

"the audit was for the protection of the people there and to see if the organization gets the money or someone is making payments on someone's Cadillac".

Upon review of the record, this Court must hold

that, as a matter of law, the statement does not constitute slander. The statement did not accuse Ms. Haase or anyone else of committing a crime. The statement was prefaced with the words "to see if". The literal meaning of the comment was "I am here to investigate". A statement indicating that an investigation was underway clearly does not rise to the level of defamation.

Because this Court holds the statement not to be slanderous as a matter of law, the issues of privilege, actual malice and malice implied by operation of law need not be addressed.

The decision of the circuit court is reversed and the decision of the district court is affirmed in part.