VOGH v AMERICAN INTERNATIONAL RENT-A-CAR, INC

Docket No. 71672. Submitted March 13, 1984, at Detroit.—Decided May 1, 1984.

> Brian Vogh, an employee of Jack Martin & Company, a Michigan accounting firm, was sent along with two other employees to Houston, Texas, in the summer of 1979 to perform an audit. Brian allegedly accepted another job in Texas and terminated his employment with Martin on July 31, 1980. That evening, Brian, the two other Martin employees sent to Texas, and another person met at a lounge. They left in a car rented by one of the other Martin employees from Acceptance, Inc., a Texas corporation and a licensee of American International Rent-A-Car, Inc. The car was involved in an accident near Houston and Brian Vogh died as a result of injuries received in the accident. Richard J. Vogh, Brian's father and administrator of his estate, filed suit against Martin, Alan Vida, the car's driver, and American International in Wayne Circuit Court. The count against American International was predicated on the Michigan owner liability statute, which holds owners of motor vehicles strictly liable for the negligent operation of the owner's motor vehicle by another. American International moved for accelerated judgment alleging lack of sufficient contacts for personal jurisdiction. The motion was denied, Irwin H. Burdick, J. American International subsequently moved for

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 397, 665 et seq.
  What constitutes "operation" or "negligence in operation" within statute making owner of motor vehicle liable for negligence in its operation. 13 ALR2d 378.

[2] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 399, 400.
  Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.
  What is place of tort causing personal injury or resultant damage or death, for purpose of principle of conflict of laws that law of place of tort governs. 77 ALR2d 1266.

[3, 4] 5 Am Jur 2d, Appeal and Error §§ 103, 879.
  61A Am Jur 2d, Pleading § 230 et seq.

summary judgment on the ground that plaintiff failed to state a claim upon which relief could be granted. The court, Irwin H. Burdick, J., granted defendant's motion and dismissed it from the suit. Plaintiff appeals. *Held:*

Whether Michigan law applies to an automobile accident which occurred in Texas depends on application of Michigan choice of law rules. Where either the plaintiff or the defendant is not a Michigan resident nor doing business in Michigan, courts have compared the interests of each jurisdiction in having its law govern the case. Plaintiff is a Michigan resident, but whether the decedent was a resident of Michigan, whether American International does business in Michigan, and the circumstances surrounding the ownership and leasing of the vehicle are matters of dispute. Thus, the answer to the question of which law, that of Michigan or Texas, applies cannot be answered without knowing more of the facts. Therefore, the trial court erred in granting defendant's motion for summary judgment, and the order granting summary judgment and dismissing defendant from the suit is reversed and the case is remanded for further proceedings.

Reversed and remanded.

1. AUTOMOBILES — NEGLIGENT OPERATION — LIABILITY OF OWNER.

The Michigan owner liability statute holds owners of motor vehicles strictly liable for the negligent operation of the owner's motor vehicle by another (MCL 257.401; MSA 9.2101).

2. CONFLICT OF LAWS — TORTS — *LEX FORI* — *LEX LOCI DELICTI.*

The courts will apply Michigan laws rather than the law of the jurisdiction in which an injury occurred in cases where Michigan residents or corporations doing business in Michigan are involved in accidents in another state and where they appear as plaintiffs and defendants in Michigan courts in a tort action; however, where either the plaintiff or the defendant is not a Michigan resident nor doing business in Michigan, the interest of each jurisdiction in having its law govern the case will be compared.

3. APPEAL — JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

Review of a grant of summary judgment on the ground that the plaintiff failed to state a claim upon which relief could be granted tests the pleadings alone (GCR 1963, 117.2[1]).

4. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment on the ground that the plaintiff

failed to state a claim upon which relief could be granted should be granted only if the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Charles W. Fisher*), for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Susan Tukel*), for defendant.

Before: Wahls, P.J., and Bronson and N. J. Kaufman,* JJ.

N. J. Kaufman, J. This case presents a choice of law between Michigan, under whose statutes defendant is automatically liable, and Texas, under whose law defendant's liability would be precluded.

Plaintiff's decedent, Brian Vogh, was employed by defendant Jack Martin & Company, an accounting firm incorporated in Michigan. In the summer of 1979, Martin sent Brian Vogh, defendant Alan Vida, and a third employee to Houston, Texas, to perform an audit. Brian allegedly accepted another job in Texas, and his last day of work for Martin was July 31, 1980. That evening, Brian Vogh, Alan Vida, and two others met at a lounge. Brian Vogh left around 2 a.m. with Vida, who was driving a car rented from Acceptance, Inc., allegedly a Texas corporation and a licensee of defendant-appellee American International. The car crashed on the highway, and Brian Vogh died shortly thereafter.

Plaintiff, Brian's father and administrator of Brian's estate, filed this action against Alan Vida, the car's driver, Jack Martin, Brian's employer,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

and American International, alleged owner of the car, in Wayne County Circuit Court on December 12, 1980. The count against American International was predicated on MCL 257.401; MSA 9.2101, the Michigan owner liability statute.

American International moved for accelerated judgment, alleging lack of sufficient contacts for personal jurisdiction. The motion was denied, and the decision was not appealed. On April 15, 1983, American International moved for summary judgment, pursuant to GCR 1963, 117.2(1), claiming that decedent was a Texas resident, American International was a Delaware corporation with its principal place of business in Texas, the accident occurred in Texas, and that the Michigan statute therefore could not apply. From the trial court's grant of defendant's motion for summary judgment dismissing American International from the suit, plaintiff appeals.

The Michigan owner liability statute holds owners of motor vehicles strictly liable for the negligent operation of the owner's motor vehicle by another. Texas has no such owner liability statute and generally precludes a bailor's liability for the negligence of his bailee, absent a showing of negligent entrustment. *Rollins Leasing Corp v Barkley,* 531 SW2d 603 (Tex, 1975); *Arias v Aguilar,* 515 SW2d 313 (Tex Civ App, 1974). Thus, unless Michigan law applies, defendant American International is absolved of liability.

Whether Michigan law applies to an automobile accident which occurred in Texas depends on application of Michigan choice of law rules. In *Abendschein v Farrell,* 382 Mich 510; 170 NW2d 137 (1969), the Supreme Court reaffirmed Michigan's adherence to the traditional rule of *lex loci delicti,* by which the substantive law of the juris-

diction in which the injury occurs governs, regardless of the connections the parties and the incident may have with another jurisdiction. However, the Supreme Court recently reconsidered that decision and in *Sexton v Ryder Truck Rental, Inc,* and *Storie v Southfield Leasing, Inc,* 413 Mich 406; 320 NW2d 843 (1982), a majority of the Court voted to apply the rule of *lex fori* rather than the rule of *lex loci delicti* in certain personal injury and property damage actions brought in Michigan.

In one of two opinions reaching this result, Justice WILLIAMS ruled:

"Finding that the rationale behind the doctrine of the universality and conformity of *lex loci delicti* is no longer tenable and recognizing that there seems to be good reason and precedent in Michigan for the forum state to apply its own law, we hold that where Michigan residents or corporations doing business in Michigan are involved in accidents in another state and where they appear as plaintiffs and defendants in Michigan courts in a tort action, the courts will apply the *lex fori,* not the *lex loci delicti." Sexton, supra,* p 439.

Justice WILLIAMS further determined that application of the law of the forum to cases where Michigan residents are involved in an out-of-state accident would not be extraterritorial application of Michigan law because the owners' liability statute is predicated on the relationship between the owner and the operator. In both *Sexton* and *Storie,* all parties, including the decedents, were Michigan residents, and the employer leased the vehicle in Michigan in each case. Thus, "the owner-operator relationship took place exclusively in Michigan. * * * '[T]he chain of events which leads to damage or injury' was forged in this state." *Sexton, supra,* pp 436-437.

Justice KAVANAGH's concurring opinion took a different approach. He considered the fact that an accident occurred beyond the boundaries of the state to be of little significance where the state has control over the "status of ownership" which gives rise to the legal consequence of liability. *Sexton, supra,* p 440. Although he does not specify how to determine when the state has gained control over the status of ownership, Justice LEVIN, who concurred in both the WILLIAMS and KAVANAGH opinions and wrote separately, explained that the KAVANAGH position would hold that Michigan law should govern all tort actions commenced in Michigan, absent a reason for applying the law of another state. *Sexton, supra,* p 441.

Reviewing subsequent cases applying the views enunciated in *Sexton,* this Court applied the rule of *lex loci delicti* in *Severine v Ford Aerospace & Communications Corp,* 118 Mich App 769; 325 NW2d 572 (1982), because the cause of action was not a personal injury or property action, to which *Sexton's lex fori* holding was expressly limited. In *Smith v Pierpont,* 123 Mich App 33; 333 NW2d 165 (1983), the Court, favoring the KAVANAGH approach, found that Wisconsin had no superior interest in applying its law to a case involving only Michigan residents.

The Sixth Circuit, applying Michigan conflict of law rules in *Bennett v Enstrom Helicopter Corp (On Reh),* 686 F2d 406 (CA 6, 1982), *cert den* 459 US 1210; 103 S Ct 1202; 75 L Ed 2d 444 (1983), reaffirmed its earlier decision that the rule of *lex loci delicti* applied to a wrongful death suit by a New Zealand widow against a Michigan helicopter manufacturer where the accident occurred in New Zealand, the helicopter was shipped to New Zealand for sale and use there, and plaintiff and her

decedent were New Zealand residents. The Court analyzed the case in terms of both the WILLIAMS and KAVANAGH views in *Sexton.* No change was mandated by the WILLIAMS view as plaintiff was not a Michigan resident; nor did the KAVANAGH approach dictate a different result, since, in light of all the connections with New Zealand, Michigan had little interest in applying its laws to the case.

In analyzing a claim for contribution based on a settlement of a personal injury claim, the Sixth Circuit again determined in *General Motors Corp v National Auto Radiator Mfg Co, Ltd,* 694 F2d 1050 (CA 6, 1982), that, under either the WILLIAMS or KAVANAGH approach, the rule of *lex loci delicti* applied. In that case, a Canadian employee was injured by a machine sold to his employer by General Motors, a Delaware corporation with its principal place of business in Michigan. Since defendants were Canadian corporations and there was no evidence of their doing business in Michigan, the WILLIAMS approach was inappropriate. And, utilizing the KAVANAGH approach, the Court deemed Ontario's interest in the employer-employee relationship involved in that case to be as strong as Michigan's interest in its motor vehicle owner-operator relationship had been in *Sexton,* so that Ontario and not Michigan law should apply.

In sum, where all parties were Michigan residents, the Court has applied Michigan Law. *Smith v Peirpont.* In such a case, the WILLIAMS and KAVANAGH views coalesce: Michigan has a very strong interest in applying its law to a case concerning only its residents. Where either plaintiff, *Bennett v Enstrom, supra,* or defendant, *General Motors v National Auto, supra,* is not a Michigan resident nor doing business in Michigan, courts have compared the interests of each jurisdiction in having its law govern the case.

In attempting to apply these principles to the instant case, we find we cannot answer the question of which law governs without more facts. Plaintiff is unquestionably a Michigan resident, but whether decedent was a resident, whether defendant does business in Michigan, and the circumstances surrounding ownership and leasing of the vehicle are disputed in the pleadings.

Review of a grant of summary judgment under GCR 1963, 117.2(1) tests the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). The motion should be granted only if the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Jones v Schaeffer,* 122 Mich App 301, 304; 332 NW2d 423 (1982).

In this case, certain factual developments could justify plaintiff's right to recover from defendant. For example, if defendant does business in Michigan, the WILLIAMS view would probably recommend application of Michigan law. It would not be a foregone conclusion, however, since it is not clear where the transaction took place. Justice WILLIAMS relied on the fact that the owner-operator relationship arose in Michigan to hold that applying the rule of *lex fori* would not be an extraterritorial application of the Michigan owner liability statute.

Justice KAVANAGH, whose view was based on the state's control over the "status of ownership", presumably would also require something linking vehicle ownership to Michigan before applying Michigan law to the case. We further presume that an out-of-state corporation doing business in Michigan, whose Texas licensee owns a Texas vehicle, would not satisfy this threshold requirement for application of Michigan law. No interest

on behalf of the State of Texas has been advanced. Assuming the trial court finds that Michigan has gained control over the status of ownership, it must then balance the interest of each state in applying its law to the case, following the KAVANAGH approach.

The trial court may well conclude after making further findings that Michigan law should not govern this case. But to dismiss defendant on a motion for summary judgment was error, and that order is reversed.

Remanded for further proceedings consistent with this opinion.