SCOTT v HENRY FORD HOSPITAL

Docket No. 132892. Submitted October 21, 1992, at Detroit. Decided
April 6, 1993, at 9:05 A.M.

Lorraine L. Scott brought an action in the Wayne Circuit Court
against Henry Ford Hospital, seeking to compel the defendant
to provide her with the medical records of her deceased hus-
band. The court, Susan D. Borman, J., granted summary dispo-
sition for the defendant, ruling that disclosure was precluded
by the physician-patient privilege, MCL 600.2157; MSA
27A.2157, in the absence of a waiver of the privilege by a duly
appointed personal representative of the decedent's estate. The
plaintiff appealed.

The Court of Appeals *held:*

The physician-patient privilege continues after a patient's
death and may be waived only by the personal representative
of the decedent's estate in the absence of a will contest among
the decedent's heirs at law.

Affirmed.

PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE — DE-
CEASED PATIENTS.

The physician-patient privilege continues after a patient's death;
in the absence of a will contest among the decedent's heirs at
law, the privilege may be waived only by the personal represen-
tative of the decedent's estate (MCL 600.2157; MSA 27A.2157).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Richard D. Fox*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney,
P.C.* (by *Stephen M. Kelley* and *Mary Lou Ko-
rejwo*), for the defendant.

Before: REILLY, P.J., and MICHAEL J. KELLY and
CAVANAGH, JJ.

REFERENCES

Am Jur 2d, Witnesses § 450.
See ALR Index under Physician-Patient Privilege.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

Plaintiff Lorraine Scott filed a complaint seeking the production of medical records concerning her deceased husband from defendant Henry Ford Hospital. Defendant refused to supply plaintiff with the requested medical records, arguing that the physician-patient privilege precluded the release of the records. Defendant argued that it could only release the records to a duly appointed personal representative of the deceased patient's estate.

The trial court found that the statutory provision creating the physician-patient privilege, MCL 600.2157; MSA 27A.2157, supported defendant's position that the decedent's medical records could be released only to the personal representative of the decedent's estate.

MCL 600.2157; MSA 27A.2157 provides in relevant part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon . . . . If a patient has died, the heirs at law of the patient, whether proponents or contestants of the patient's will, shall be considered to be personal representatives of the deceased patient for the purpose of waiving the privilege under this section in a contest upon the question of admitting the patient's will to probate.

The purpose of the statute is to protect the confi-

dential nature of the physician-patient relationship. *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 560; 475 NW2d 304 (1991); *Gaertner v Michigan,* 385 Mich 49; 187 NW2d 429 (1971). The privilege was not recognized at common law, and therefore, the statute controls the scope of the privilege in Michigan. *People v Johnson,* 111 Mich App 383, 388; 314 NW2d 631 (1981). The privilege belongs to the patient and can be waived only by the patient. *Gaertner, supra* at 53.

In *Bassil v Ford Motor Co,* 278 Mich 173, 179; 270 NW 258 (1936), overruled on other grounds *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), the Court stated:

> After the death of a patient the privileged matter is all the more sacred and the protection which is that of the patient continues unless waived by someone authorized so to do.

The privilege of a deceased patient may be waived by the personal representative of the deceased's estate. *Harvey v Silber,* 300 Mich 510, 518; 2 NW2d 483 (1942).[1] This Court has also held that the privilege may be waived on behalf of the deceased patient by the beneficiary of a life insurance policy in an action on the policy. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 616-617; 310 NW2d 15 (1981).

Plaintiff argues that defendant's practice of releasing medical records of a deceased only to a court-appointed personal representative is unnec-

---

[1] Wrongful death actions may be brought only in the name of the personal representative of the estate of the deceased. MCL 600.2922(2); MSA 27A.2922(2). The personal representative who asserts a cause of action on behalf of a deceased stands in the deceased's place for all purposes incident to the enforcement of that claim, including rights and privileges personal to the deceased. *McNitt v Citco Drilling Co,* 60 Mich App 81, 88; 230 NW2d 318 (1975), aff'd 397 Mich 384; 245 NW2d 18 (1976).

essarily burdensome on the heirs of a deceased who might wish to investigate the death without formally probating an estate. Plaintiff also argues that the policy is a burden on the judicial system. Additionally, plaintiff alleges that this requirement would shorten the period of limitation available for a wrongful death action.[2] Plaintiff asserts that all "direct heirs" of the decedent, that is, the decedent's spouse, child, or parent, should have the right to waive the privilege on behalf of the deceased.[3]

Although we acknowledge that defendant's policy is more burdensome on plaintiff than if the hospital were to simply hand over the deceased's records, we believe that this policy is reasonable in light of the limitations imposed by the physician-patient privilege. By restricting access to the medical records to the personal representative of a deceased's estate, the hospital may ensure that a party with the capacity to act on behalf of the deceased and waive the privilege held by the deceased is the party who receives the medical records. The trial court did not err in granting defendant's motion for summary disposition.

Affirmed.

[2] We reject plaintiff's argument that the requirement that a personal representative be appointed shortens the period of limitation. MCL 600.5852; MSA 27A.5852; *McNeil v Quines,* 195 Mich App 199; 489 NW2d 180 (1992).

[3] See *Emmett v Eastern Dispensary & Casualty Hosp,* 130 US App DC 50; 396 F2d 931 (1967), where the court held that the physician's duty to disclose to a patient that which it is in the best interests of the patient to know extends to the patient's next of kin after his death. However, the court did not decide whether the physician-patient privilege would be violated because it found that the privilege, which operated only in "the courts of the District of Columbia," did not apply.