PEOPLE v KRAUSE

Docket No. 151315. Submitted May 5, 1994, at Grand Rapids. Decided
     August 2, 1994, at 9:05 A.M. Leave to appeal sought.

   Thomas E. Krause, II, was convicted by a jury in the Calhoun
   Circuit Court, Conrad J. Sindt, J., of first-degree murder. The
   defendant was seventeen years old when he was arrested in
   California and confessed to the murder committed in Michigan.
   He appealed.

   The Court of Appeals *held:*

   1. In determining whether the defendant's April 7, 1991,
   confession was voluntary, the trial court did not err in applying
   Michigan law, instead of California law, to conclude that the
   defendant could be considered an adult pursuant to MCL
   712A.3; MSA 27.3178(598.3) and that the confession was volun-
   tary. Where two states have sufficient contact with the subject
   matter of litigation, the forum state constitutionally may apply
   the law of either state having an interest in the subject
   activity.

   2. The trial court did not clearly err in finding that the
   defendant's April 16, 1991, confession was voluntary.

   3. The defendant waived his right to counsel with respect to
   the questioning that resulted in the April 7, 1991, confession by
   initiating communication with the police officers after they had
   stopped questioning the defendant on April 6, 1991, when he
   invoked the right to counsel.

   Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Jon Sahli,* Prosecuting
Attorney, and *Ronald S. Pichlik,* Assistant Prose-
cuting Attorney, for the people.

*John B. Payne, Jr.,* for the defendant on appeal.

Before: Fitzgerald, P.J., and Weaver and W. M. Baxter,* JJ.

Per Curiam. Following a jury trial, defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and was sentenced to life imprisonment without parole. Defendant appeals as of right. We affirm.

Defendant first contends that, as a minor who was arrested in California for a crime that occurred in Michigan, the statements he gave to the police are subject to scrutiny under California law. We review questions regarding conflicts of law de novo. See *Severine v Ford Aerospace & Communications Corp,* 118 Mich App 769; 325 NW2d 572 (1982).

Although there is no law specifically on point regarding which state's law should be applied when a defendant is determined to be a minor in the state where he was arrested but is considered to be an adult in the state where the crime occurred, we are convinced that the trial court correctly applied Michigan law in determining whether defendant's April 7, 1991, confession was voluntarily made.

States have jurisdiction over criminal matters that occur within their respective territories. See LaFave, Criminal Law, 2d, § 2.9. Further, where two states have sufficient contact with the subject matter of litigation, the forum state may constitutionally apply the law of either state having an interest in the subject activity. *Severine, supra* at 772. Michigan clearly had sufficient contact with the subject matter of the litigation because the crime occurred in Michigan. Thus, defendant's argument that his confession should have been

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

suppressed under California law because he was not allowed to contact his mother concerning the waiver of his rights is without merit. Under Michigan law, defendant was an adult when the interview occurred. MCL 712A.3; MSA 27.3178(598.3).

Defendant also maintains that the trial court abused its discretion in denying his motion to suppress an April 16, 1991, statement that was made in Michigan. Specifically, he claims that the trial court failed to consider that the police officers questioned him before his arraignment and failed to consider his age and lack of counsel. The arguments are without merit.

In evaluating the voluntariness of a confession, this Court is guided by the factors articulated by our Supreme Court in *People v Cipriano,* 431 Mich 315; 429 NW2d 781 (1988). In reviewing a trial court's determination regarding voluntariness, this Court examines the entire record and makes an independent determination. Nonetheless, we defer to the trial court's superior ability to view the evidence and the witnesses, and we will not disturb the court's findings unless they are clearly erroneous. *People v Marshall,* 204 Mich App 584; 517 NW2d 554 (1994).

In this case, the trial court's finding that defendant's statement was voluntary is not clearly erroneous. The totality of the circumstances indicates that it was freely and voluntarily made. *Cipriano, supra.* Although defendant was questioned before the arraignment, there is nothing in the record to indicate that the questioning was for the purpose of obtaining a confession. Defendant, who was seventeen at the time of the incident, had an eleventh grade education, had several juvenile criminal convictions, had been informed that he had a right to an attorney, and had signed a written consent form. *Cipriano, supra.* The evi-

dence showed that defendant's statements were voluntary, and the trial court's findings are not clearly erroneous. *People v Etheridge,* 196 Mich App 43; 492 NW2d 490 (1992).

Next, defendant argues that his April 7 statement should have been suppressed because insufficient evidence was produced to establish that he initiated further contact with the police after invoking his right to counsel. Defendant did not raise this issue below and we need not address it on appeal. *People v Hamacher,* 432 Mich 157, 168; 438 NW2d 43 (1989). Appellate review is appropriate, however, because a constitutional issue is raised. *People v Harris,* 95 Mich App 507, 509; 291 NW2d 97 (1980).

There is no dispute that defendant requested counsel on April 6 and that questioning ceased at that time. Thus, the determinative question is whether defendant initiated further communication with the police and thereby waived his previously invoked right to counsel. See *People v Myers,* 158 Mich App 1, 9; 404 NW2d 677 (1987).

The record indicates that defendant asked to talk to detectives on April 7. Defendant testified that he chose to talk to the officers, that no one suggested that he talk to them, and that he chose to talk to them even though he knew he had the right to speak with an attorney. Under these circumstances, we conclude that the evidence clearly established that defendant waived his right to counsel by initiating further contact with the police. *Id.*

Lastly, defendant's argument that in the absence of the two confessions there was no probative evidence introduced to show that the crime was committed in Michigan is without merit in light of our conclusion that the confessions were voluntary.

Affirmed.