BURNEY v P V HOLDING CORPORATION (ON REMAND)

Docket No. 177003. Submitted February 21, 1996, at Detroit. Decided
August 6, 1996, at 9:20 A.M.

Floyd Burney, as administrator of the estate of decedent Annie L.
Burney, and Leon Burney brought an action in the Wayne Circuit
Court against P V Holding Corporation, Carl Watkins, and Kenneth
Watkins. Floyd Burney alleged wrongful death and Leon Burney
alleged negligence with respect to the decedent's death and Leon
Burney's injury in an automobile accident in Alabama. The dece-
dent and Leon Burney had been passengers in an automobile
rented from P V Holding in Detroit by Kenneth Watkins. Carl Wat-
kins had fallen asleep while driving the automobile, causing the
accident. At the time of the accident, the decedent was a resident
of Alabama, the Watkinses were residents of Michigan, and P V
Holding was doing business in Michigan. The defendants filed a
motion seeking to have Alabama's guest passenger statute, Ala
Code 32-1-2, instead of Michigan's owners' liability statute, MCL
257.401(1); MSA 9.2101(1), apply to the wrongful death claim.
Under the Alabama statute, the owner or operator of a motor vehi-
cle is not liable for injury or death to a passenger who makes no
payment for the transportation unless injury or death is caused by
the wilful or wanton misconduct of the owner or operator. Under
the Michigan statute, the owner of a motor vehicle is liable for any
injury occasioned by the negligent operation of the motor vehicle.
The court, Diane M. Hathaway, J., granted the defendants' motion
to apply Alabama's guest passenger statute to the wrongful death
claim. The plaintiffs filed an application for an interlocutory appeal,
which the Court of Appeals denied in an unpublished order entered
August 4, 1993 (Docket No. 164709). The Supreme Court, in lieu of
granting leave to appeal, remanded the case to the Court of
Appeals for consideration as on leave granted. 445 Mich 937 (1994).

On remand, the Court of Appeals held:

In resolving a choice-of-law question, a Michigan court must first
consider whether the foreign state has any interest in having its
law applied. If the foreign state has no such interest, the inquiry
ends there and Michigan law applies. If the foreign state has an
interest in having its law applied, then an analysis of Michigan's
interest in having its law applied is necessary. The law of the state

whose interest proves to be greater when the states' interests are weighed must then be applied.

In this case, Alabama has an interest in having its law applied because the decedent resided in Alabama and the accident occurred there. Michigan also has an interest in having its law applied because it is the forum state; the defendants resided or did business in Michigan; the efficient administration of justice would be promoted by having the jury apply one state's, Michigan's, laws to all the claims raised by the plaintiffs; and with respect to Michigan automobile owners and drivers, Michigan has abandoned a similar guest passenger statute on the basis that it violated equal protection, adopting in its place the owners' liability statute providing for liability upon proof of negligence.

On balance, Michigan's interest in applying its law is greater than Alabama's. There is no rational reason to displace Michigan law in favor of Alabama law with respect to the wrongful death claim.

Reversed.

MARKMAN, J., dissenting, stated that Alabama law should be applied because the decedent was an Alabama resident, the accident that killed the decedent occurred in Alabama, and Alabama's interest in the application of its law is substantial and outweighs Michigan's interest in the application of its law. Michigan does not have an interest in affording to an Alabama resident greater rights of recovery for an automobile accident that occurred within Alabama than those afforded by Alabama itself. The decedent had no expectation that, should she be injured or killed in an automobile accident in Alabama, the resulting lawsuit would be governed by Michigan law. Allowing an Alabama resident to sue a Michigan business for an accident that occurred in Alabama under terms that are more favorable than those under which the resident would be able to sue an Alabama business implicates and is detrimental to Michigan's interest in ensuring that vehicle owners and others doing business in Michigan are treated in an equitable fashion in disputes with out-of-state parties. Michigan's interest in the out-of-state application of its owners' liability statute is less substantial than Alabama's interest in applying its guest passenger statute to Alabama accidents that result in injury or death to Alabama residents. Michigan's interest is further diminished by the forum shopping represented by the bringing of the wrongful death claim in Michigan. The majority accorded excessive weight to considerations of promoting the efficient administration of justice with respect to the plaintiffs' multiple claims. Finally, in determining that Alabama's guest passenger statute should not be applied in view of Michigan's abandonment of its guest passenger statute, the

majority improperly second-guessed the wisdom of the Alabama legislature and judiciary.

CONFLICT OF LAWS — WRONGFUL DEATH.

A Michigan court deciding whether Michigan's law or that of a foreign state applies to a wrongful death claim must balance the interests of the states in having their respective laws apply and must apply the law of the state whose interests are greater.

*Law Offices of Samuel I. Bernstein* (by *Edmund O. Battersby, R. John Anderson,* and *Samuel I. Bernstein*), and (*Bendure & Thomas* by *Victor S. Valenti,* of Counsel), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendants.

ON REMAND

Before: MURPHY, P.J., and MARKMAN and K. V. FINK,[*] JJ.

MURPHY, P.J. Plaintiffs appeal a trial court order granting defendants' motion to apply Alabama law to the wrongful death claim brought against defendants by plaintiff Floyd Burney, the administrator of the estate of decedent Annie L. Burney.[1] After the trial court granted defendants' motion, plaintiff filed an application for an interlocutory. This Court denied plaintiff's application. *Burney v P V Holding Corp,* unpublished order of the Court of Appeals, entered

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

[1] Both Floyd Burney and Leon Burney are plaintiffs in this case. Together, plaintiffs brought several claims against defendants. However, the only relevant claim for this appeal is plaintiff Floyd Burney's wrongful death claim because defendants' motion to apply Alabama law applied only to the wrongful death claim, and the trial court's ruling applied only to the wrongful death claim. Because Floyd Burney, as the personal representative of the estate of Annie Burney, is the plaintiff in the wrongful death claim, the opinion will refer to Floyd Burney as plaintiff.

August 4, 1993 (Docket No. 164709). Plaintiff then filed an application for leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court for consideration as on leave granted. *Burney v P V Holding Corp*, 445 Mich 937 (1994). We reverse.

Defendant Kenneth Watkins rented a 1991 Pontiac Grand Prix from defendant P V Holding Corporation, doing business as Avis Rent-A-Car, at the Avis City Airport office in Detroit, Michigan. Kenneth's brother, defendant Carl Watkins, decedent, decedent's daughter (who was Carl's fiancée), and plaintiff Leon Burney (decedent's son), began a trip to return the decedent to her home in Troy, Alabama. Carl was driving. On June 21, 1991, at about 11:55 A.M., Carl fell asleep while driving on Interstate 65 in Alabama. The car hit a guardrail, spun off into the median, hit a concrete ditch, and turned over twice. The decedent was pronounced dead at the scene.

Plaintiff, as administrator of the decedent's estate, filed a wrongful death action against defendants Avis and Carl and Kenneth Watkins. Defendants moved to apply Alabama law to plaintiff's wrongful death action, arguing that under Michigan choice-of-law rules, Michigan law does not apply when a defendant is a Michigan resident, the plaintiff is not a Michigan resident, and Michigan is not the place of the alleged wrong. Noting that defendants were Michigan residents, the decedent was an Alabama resident, and the accident in which plaintiff's decedent was killed occurred in Alabama, defendants contended that Alabama law, specifically Alabama's guest passenger statute, should apply. Alabama's guest passenger statute provides:

> The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle. [Ala Code 32-1-2.]

Plaintiff argued that Michigan, not Alabama, law should apply to the wrongful death action. Under Michigan's owner's liability statute, "[t]he owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle." MCL 257.401(1); MSA 9.2101(1). The trial court rejected plaintiff's argument and granted defendants' motion to apply Alabama law, stating: "The law is that when the defendant is a Michigan resident and the plaintiff is not[,] Michigan law generally will not be applied, especially if Michigan is not the place of the wrong." The sole issue on appeal is whether the trial court erred in granting defendants' motion to apply Alabama law to plaintiff's wrongful death action. If Alabama law applies, plaintiff will not be able to recover unless he can prove that defendant Carl Watkins was operating the vehicle in a wilful and wanton manner. In contrast, under Michigan law, plaintiff only has to show that defendant Carl Watkins was operating the car in a negligent manner.

This Court reviews questions regarding conflicts of law de novo. *People v Krause*, 206 Mich App 421, 422; 522 NW2d 667 (1994).

Before 1982, Michigan courts used the lex loci delicti rule in deciding choice-of-law issues. *Abendschein v Farrell*, 382 Mich 510; 170 NW2d 137 (1969). Under that rule, the substantive law of the jurisdic-

tion where the injury occurred applied. *Vogh v American Int'l Rent-A-Car, Inc*, 134 Mich App 362, 365-366; 350 NW2d 882 (1984). In *Sexton v Ryder Truck Rental, Inc*, 413 Mich 406; 320 NW2d 843 (1982), a majority of the Supreme Court abandoned the traditional lex loci delicti rule as an absolute rule. However, the Supreme Court did not establish a new choice-of-law rule or methodology. In *Olmstead v Anderson*, 428 Mich 1; 400 NW2d 292 (1987), the Supreme Court again addressed the choice-of-law issue. According to *Olmstead*, the law of the forum state (lex fori) should apply unless there is a "rational reason" to displace it.[2] *Id.*, 24, 29-30. Choice-of-law issues are to be decided case by case. *Id.*, 24. Although the Supreme Court did not establish a specific framework or methodology for analyzing choice-of-law questions, its reasoning suggests the following approach to deciding such issues. The court must first consider whether the foreign state has any interest in having its law applied. *Id.*, 29-30. If the foreign state has no interest in having its law applied, the inquiry ends there and Michigan law applies. *Id.* However, if the foreign state does have an interest in having its law applied, then an analysis of Michigan's interest in having its laws applied is necessary. *Id.*, 30. In *Chrysler Corp v Skyline Industrial Services, Inc*, 448 Mich 113; 528 NW2d 698 (1995), the most recent Supreme Court case addressing choice-of-law issues, the Supreme Court reaffirmed the interest-balancing approach suggested in *Olmstead* and confirmed that

---

[2] In *Mahne v Ford Motor Co*, 900 F2d 83, 86 (CA 6, 1990), the Sixth Circuit Court of Appeals interpreted the Supreme Court's holding in *Olmstead* as establishing a presumption that lex fori applies to choice-of-law issues in tort cases.

"[t]he trend in this Court has been to move away from traditional choice-of-law conceptions toward a more policy-centered approach." *Id.*, 122-123.

Applying the interest-balancing approach established by the Supreme Court, we must first consider whether Alabama has any interest in having its law applied. *Olmstead, supra,* 29-30. When none of the parties of an action is a citizen of the state where the wrong occurred, that state will have no interest in having its law applied. *Id.*, 28. We therefore must determine whether any of the parties is a citizen of Alabama. It is undisputed that defendants Carl and Kenneth Watkins are residents of Michigan and that the Avis office from which the car was rented was doing business in Michigan. Furthermore, it is undisputed that plaintiff, the personal representative of the decedent's estate, is a Michigan resident. Therefore, according to plaintiff, Michigan law applies because all the parties are residents of Michigan.

While we agree that Michigan law applies in this case, we disagree with plaintiff's contention that plaintiff's residence is Michigan for purposes of bringing the wrongful death action on behalf of the estate of the decedent. Wrongful death actions may be brought only in the name of the personal representative of the estate of the deceased. MCL 600.2922(2); MSA 27A.2922(2). The personal representative who asserts a cause of action on behalf of a decedent stands in the decedent's place *for all purposes incident to the enforcement of that claim. Scott v Henry Ford Hosp,* 199 Mich App 241, 243, n 1; 501 NW2d 259 (1993) (emphasis added), citing *McNitt v Citco Drilling Co,* 60 Mich App 81, 88; 230 NW2d 318 (1975). Because the personal representative stands in the

decedent's place for all purposes incident to the enforcement of the claim, we conclude that the residency of the personal representative should be determined not by the personal representative's domicile, but by the residency of the decedent at the time of her death. It is undisputed that the decedent lived in Alabama her entire life. Thus, there is no question that under Michigan law, she was a resident of Alabama. *Beason v Beason (After Remand)*, 204 Mich App 178, 180-181; 514 NW2d 231 (1994), rev'd on other grounds 447 Mich 1023 (1995). Because plaintiff, as personal representative of decedent's estate, stands in the decedent's place for all purposes incident to the enforcement of the wrongful death claim, plaintiff must be considered a resident of Alabama for purposes of the wrongful death action.

Accordingly, under *Olmstead*, Alabama has an interest in having its law applied because one of the parties is a citizen of the state where the wrong occurred. *Olmstead, supra,* 28. We will therefore determine what Alabama's interests are in having its guest passenger statute applied to plaintiff's wrongful death claim. The accident occurred in Alabama, and the injury state always has an interest in conduct within its borders. *Id.* Moreover, the decedent was a resident of Alabama her entire life. Alabama has an interest in a car accident that occurs within its borders and claims the life of one of its residents.

Notwithstanding Alabama's interests in having its law applied, we believe that Michigan has a greater interest in applying its owner's liability statute. First, Michigan is the forum state. In addition, defendants Carl and Kenneth Watkins are Michigan residents. Furthermore, Kenneth rented the car from an Avis

office doing business in Detroit, Michigan. Moreover, defendants, as Michigan residents and a corporation doing business in Michigan, cannot argue that the application of Michigan law would defeat their expectations. *Id.*, 27.

Michigan also has an interest in promoting the efficient administration of justice in its courts, and applying Michigan law to plaintiff's wrongful death claim would promote the efficient administration of justice. As previously noted, the complaint contained claims in addition to plaintiff's wrongful death claim. The complaint also contained a negligence claim brought by plaintiff Leon Burney. The same jury would be hearing both plaintiff's wrongful death claim and plaintiff Leon Burney's negligence claim. Applying Michigan law to the negligence claim and Alabama law to the wrongful death claim would require the jury to consider whether the same conduct satisfied two different standards. This would be confusing for the jury and would require significant instruction and explanation from the trial court. Thus, Michigan's interest in promoting the efficient administration of justice also enhances Michigan's overall interest in applying Michigan law to plaintiff's wrongful death claim.

Michigan also has an interest in effectuating the purpose of Michigan's owners' liability statute. The purpose of Michigan's owners' liability statute is to place the risk of damage or injury on the person with ultimate control of the vehicle and thereby promote safety in transportation. *Sexton, supra,* 437. We agree that the purpose of the owners' liability statute

> cannot be fully effectuated unless the owners' liability statutes are given uniform application to residents of this state

traveling outside of Michigan as well as persons within our
state. . . . To enforce the owners' liability statutes on the
basis of where the accident occurred would undermine the
effectiveness of these important statutes. [*Id.*, 437-438.]

Thus, effectuating the purpose of Michigan's owners'
liability statute is an important interest that favors
applying Michigan law in this case.

The purpose of Alabama's guest passenger statute
is to protect from negligence claims that are close
questions generous drivers who offer rides to guests.
*Roe v Lewis*, 416 So 2d 750 (Ala, 1982.) In *Roe*, the
Alabama Supreme Court described the rationale
behind the statute as follows:

"As the use of automobiles became almost universal,
many cases arose where generous drivers, having offered
rides to guests, later found themselves defendants in cases
that often turned upon close questions of negligence.
Undoubtedly the legislature in adopting this act reflected a
certain natural feeling as to the injustice of such a situation.
The terms of the statute should be construed with their
intent and purpose in view, and the purpose and object that
the legislature had in mind sometimes throws light upon the
meaning of the language used." [*Id.*, 752, quoting *Blair v
Greene*, 247 Ala 104, 109; 22 So 2d 834 (1945).]

While Alabama clearly has an interest in protecting
from lawsuits its own drivers who offer rides to
guests, Alabama has no interest in protecting Michi-
gan drivers from such lawsuits. Only Michigan has an
interest in deciding how much protection to afford its
drivers who offer rides to guests. Thus, even if it
were applied, Alabama's guest passenger statute
would not benefit the interest it was designed to
protect.

By enacting the owners' liability statute, Michigan has determined that drivers who offer rides to guests are liable to those guests for damages caused by the driver's ordinary negligence. At one time, Michigan, like Alabama, had a guest passenger statute that provided that a driver was not liable for injury or death of a guest passenger unless the injury or death was caused by the driver's gross negligence or wilful and wanton misconduct *Manistee Bank & Trust Co v McGowan*, 394 Mich 655, 661, n 1; 232 NW2d 636 (1975). However, in *Manistee Bank*, the Supreme Court declared Michigan's guest statute unconstitutional because it violated the Equal Protection Clause of the Michigan Constitution. Const 1963, art 1, § 2. Michigan unquestionably has a substantial interest in not applying Alabama's guest passenger statute when Michigan has explicitly determined that a similar guest passenger statute is unconstitutional and has enacted a statute permitting guest passengers to recover from drivers for injury or death caused by the driver's negligence.

Defendants rely on *Farrell v Ford Motor Co*, 199 Mich App 81; 501 NW2d 567 (1993), in support of their argument that Alabama law applies. In *Farrell*, this Court held that North Carolina law applied to a products liability action arising from an accident in which a North Carolina resident was killed in North Carolina when her Ford automobile, manufactured in Michigan and purchased in North Carolina, allegedly shifted from park into reverse and ran over her. We reject defendants' reliance on *Farrell* because Michigan's interests in applying its law are much more substantial in this case than in *Farrell* and the foreign state's interests are much less significant in this case

than in *Farrell.* In *Farrell,* this Court held that Michigan had "little or no interest" in having its law applied when Michigan was "merely the forum state and situs of defendant's headquarters." *Id.,* 94. In contrast, this Court determined that North Carolina had a substantial economic interest in encouraging manufacturers to do business in North Carolina by extending to such manufacturers the benefit of North Carolina's statute of repose as protection from open-ended products liability claims. *Id.,* 93-94. In this case, the foreign state, Alabama, has no comparable economic interest in applying its law to plaintiff's wrongful death action. Moreover, unlike in *Farrell,* Michigan has a substantial interest in applying its owners' liability statute. Thus, we reject plaintiff's reliance on *Farrell.*

In sum, we hold that the trial court erred in ruling that Alabama law applies to plaintiff's wrongful death action. On balance, Michigan's interest in applying its law is greater than Alabama's interest in applying its law. While Alabama has some interest in having its law applied, for the reasons stated above, Michigan has a much more substantial interest in having its law applied. Accordingly, we conclude that there is no rational reason to displace Michigan law in this case.

Reversed.

K. V. FINK, J., concurred.

MARKMAN, J. (*dissenting*). I would affirm the order of the trial court. Therefore, I respectfully dissent. The trial court did not err, in my judgment, in holding that Alabama law should be applied in this case because plaintiff's decedent was an Alabama resident, the accident that killed plaintiff's decedent occurred in Alabama, and Alabama's interest in the application

of its own law is substantial and outweighs the interests of Michigan in the application of its law.

I concur with the majority in its description of Michigan choice-of-law rules. I also concur in its holding that plaintiff is properly characterized as a resident of Alabama and, therefore, that a balancing of interests between Michigan and Alabama is required. However, I differ in terms of the substantive balancing itself.

Each state has an interest in the application of its laws. With respect to Alabama, decedent was a resident of Alabama for sixty-eight years and the accident in which she was killed occurred on an Alabama road while the occupants were en route to an Alabama destination. "[t]he injury state always has an interest in conduct within its borders whether or not citizens are involved." *Olmstead v Anderson*, 428 Mich 1, 28; 400 NW2d 292 (1987). Where, as here, citizens *are* involved and the death of one of them has occurred, such an interest becomes even more substantial. With respect to Michigan, there is an interest in applying the state's owners' liability statute, even to accidents that occur outside the state, because limiting the enforcement of the statute to in-state accidents would undeniably limit the effectiveness of the statute. Such a limitation would dilute to some extent the effect of the statute in encouraging vehicle owners to entrust their vehicles only to safe drivers. *Sexton v Ryder Truck Rental, Inc*, 413 Mich 406, 437-438; 320 NW2d 843 (1982).

Therefore, I would conclude that both Alabama and Michigan have an interest in the enforcement of their respective statutes. However, in undertaking to bal-

ance these interests, I would conclude that the interest of Alabama outweighs the interest of Michigan.

First, I do not believe that Michigan has an interest in affording to an Alabama resident greater rights of recovery for an automobile accident occurring within Alabama than those afforded by Alabama itself. *Farrell v Ford Motor Co*, 199 Mich App 81, 94; 501 NW2d 567 (1993).

Second, I do not believe that the decedent, a lifelong Alabama resident, would have had any expectation that, should she ever be injured or killed in an automobile accident on an Alabama highway, her lawsuit would be brought under the auspices of Michigan. Such expectations, while not dispositive of the issue, are relevant to the determination which state has a greater interest in the application of its own law. For plaintiff to be able to take advantage of Michigan law, a law which under the present circumstances is the more potentially remunerative one, can only be described as a windfall.

Third, Michigan's interest is not limited to its concern that vehicle owners take care in entrusting their vehicles to others. Rather, Michigan also has an interest in ensuring that vehicle owners and others doing business in the state are treated in an equitable fashion in disputes with out-of-state parties. To allow an Alabama resident to sue a Michigan business for an accident that occurred in Alabama under terms that are more favorable than those under which the resident would be able to sue an Alabama business implicates and is detrimental to this Michigan interest.

Fourth, although Michigan has an interest in the broad application of its owners' liability statute, its *marginal* interest in the out-of-state applicability of

the statute is less substantial than Alabama's interest
in the applicability of its own statute to accidents
arising on its own highways resulting in injuries to its
own citizens. To the extent that Alabama law is
deemed to be applicable to the present circum-
stances, with a concomitant reduction in the applica-
tion of Michigan's owners' liability statute, I believe
that such a reduction would be slight. The proportion
of total out-of-state miles driven to total miles driven
by Michigan motor vehicles is doubtlessly quite small.
As a result, I believe that few owners of Michigan
vehicles would exercise less care in the supervision
of their vehicles. Further, to the extent that accidents
involving Michigan vehicles driven out-of-state are
much less likely to involve other Michigan vehicles,
or Michigan pedestrians, the interest of Michigan
grows less substantial and the interest of the other
state grows more substantial.

Fifth, I note the following language in *Olmstead*:

> The cases in which the plaintiff was not a resident, but
> brought suit in Michigan . . . have generally applied lex loci
> delicti, either through a strict reading of *Sexton* or by
> weighing the interests of the states involved. . . . In all of
> those cases, the injury occurred in states in which the plain-
> tiff had substantial contacts or actually resided in fact at
> the time of injury. [*Id.* at 23.]

In other words, *Sexton* needs to be placed in context.
In *Sexton*, both the plaintiff and the defendant were
Michigan residents. *Sexton*, supra at 414. In *Olmstead*,
the plaintiff, was not a resident of Michigan or the
state in which the accident occurred. Here, plaintiff's
decedent resided in Alabama, the state in which the
accident occurred, and had no contact whatsoever
with Michigan. Michigan's interest in the applicability

of its law, therefore, is considerably diluted; neither *Sexton* nor *Olmstead* supports the proposition that the law of Michigan is properly applied here.

Finally, because plaintiff has engaged in forum shopping—seeking to apply the law of a state not that of plaintiff's residence where such application is unnecessary to obtaining jurisdiction over a defendant, *Olmstead*, supra at 26-27—I believe that Michigan's interest in the application of its statute is further diminished. A principal purpose of the choice-of-law rules, in which Michigan also has an interest, is to promote certainty in the determination of which state's law is to apply and to discourage such forum shopping. *Id.; Farrell*, supra at 94.

In addition, I would not weigh heavily two factors set forth by the majority in support of its conclusion that the interest of Michigan in applying its law should prevail over those of Alabama. First, the majority contends that Michigan has an interest in "promoting the efficient administration of justice" and resolving the various claims involved in this litigation in a single case with the jury applying a single standard. While this consideration is entitled to some weight, to accord it much weight would simply be to transform the choice-of-law balancing process into a strong presumption that the law of the forum state applies because this factor would virtually always support the law of the forum.[1] On virtually any occasion where multiple claims or multiple parties are involved in a lawsuit in which there is a choice-of-law

---

[1] While it might be said that *Olmstead* establishes a presumption in favor of the application of the law of the forum, all that it expressly sets forth is that each case be evaluated on the circumstances presented and that there be some rational reason to apply the law of the nonforum state.

dispute, the interest in "promoting the efficient administration of justice" would weigh heavily in favor of the forum state. Further, to accord excessive weight to this consideration would be to afford the plaintiff undue control over which state's law will apply through the precise formulation of his lawsuit. Ultimately, juries are presumed to be capable of following instructions and applying different legal standards to different cases and claims.

Second, the majority contends that Michigan has an affirmative interest in *not* applying Alabama law because a similar Michigan law was held to be unconstitutional by the Michigan Supreme Court in 1975 under the Michigan Constitution. I understand *Olmstead* to be focused upon the interests of the competing states in applying their own laws, not upon substantive disagreements each might have with the decisions of the other. To engage in the latter analysis recalls the words of one legal scholar in describing earlier legal tendencies in this direction:

> And so began a second War Between the States, in which states began casually to denounce each other's laws as unjust and wrongheaded, and seize on excuses not to enforce them. New York said it had every intention of "protecting its own residents" against "unfair or anachronistic" laws that they might encounter in their travels elsewhere in the United States. [Olson, *The Litigation Explosion* (Plume, 1992) at 189].

Olsen stated earlier:

> [That war] centered on the idea that states with laws discouraging litigation did not always have a strong interest in enforcing those laws. [*Id.* at 187.]

Choice-of-law rules are designed to resolve controversies that inevitably arise about applicable law within a system in which there are multiple sovereigns; such rules are not designed to incite states into second-guessing the substantive wisdom of their sister states. By taking into account this consideration, the majority calls into question both the judgment of the Alabama legislature in enacting their guest passenger statute and the judgment of the Alabama judiciary in failing to evaluate this law under the Alabama constitution in the same manner that the Michigan judiciary evaluated a similar law under the Michigan Constitution. Alabama's laws are entitled to the same amount of deference by Michigan courts as are the laws of a state whose laws are more closely aligned with those of Michigan. There is no unstated premise in Michigan choice-of-law rules that plaintiffs invariably are entitled to take advantage of those state laws that are most potentially remunerative.

For these reasons, I conclude that the interest of Alabama in having its rules apply to the present case outweighs those of Michigan. The majority opinion would apply Michigan law in an unprecedentedly broad manner and to a controversy in which another state has a significantly greater and more direct interest. Therefore, I would affirm the decision of the trial court.