# STATE OF MICHIGAN

# COURT OF APPEALS

GARY MICHAEL MARTIN,

        Plaintiff-Appellee,

x

v

WALTER JOHN SMELA,

        Defendant-Appellant.

UNPUBLISHED
March 10, 2016

No. 325211
Wayne Circuit Court
LC No. 13-016369-NI

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

In this tort claim arising out of an automobile accident, defendant appeals by leave granted[1] the trial court's order denying his motion for partial summary disposition and declaring that Colorado law, rather than Michigan law applies in this case. For the reasons stated in this opinion, we reverse.

Plaintiff, a Florida resident, suffered injuries when the motorcycle he was driving in Livonia, Michigan collided with the vehicle driven by defendant, a Colorado resident. Plaintiff's motorcycle was insured in Florida by an insurer who does not do business in Michigan. Defendant was insured by a policy issued by an insurer not authorized to do business in Michigan, but which had voluntarily filed a certificate pursuant to MCL 500.3163(2).[2]

---

[1] *Martin v Smela*, unpublished order of the Court of Appeals, entered June 24, 2015 (Docket No. 325211).

[2] MCL 500.3163 provides, in part:

> (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

-1-

Plaintiff filed a complaint, seeking to recover economic and non-economic damages under a tort law theory. Defendant moved for summary disposition, arguing that because his insurer filed the certification pursuant to MCL 500.3163(2), he is entitled to the rights and protections of the no-fault act, MCL 500.3101 *et seq,* including the provisions of MCL 500.3135 limiting tort liability. In response, plaintiff argued that according to Michigan choice-of-law principles, Colorado law applies because defendant was a resident of Colorado and entered into his insurance contract in Colorado. Plaintiff argued that under Colorado law he is entitled to recover damages for economic losses under a general tort theory. The trial court ruled that Colorado law applies and denied defendant's motion for partial summary disposition.

The only issue before us is whether the trial court erred when it found that Colorado law governed this dispute. Questions regarding conflicts of law are reviewed de novo, *Burney v P V Holding Corp*, 218 Mich App 167, 171; 553 NW2d 657 (1996), as is a trial court's decision to deny summary disposition, *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

The analytical framework for choice-of-law issues in tort cases was provided in *Sutherland v Kennington Truck Service, Ltd*, 454 Mich 274; 562 NW2d 466 (1997). In *Sutherland*, our Supreme Court stated:

> . . . we will apply Michigan law unless a "rational reason" to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests. [*Id*. at 286.]

Thus, we must first discern whether Colorado has an interest in having its law applied in this case. Two facts inform our analysis. First, defendant is a Colorado resident. Second, the insurance policy under which plaintiff seeks to recover was issued in Colorado.

---

(2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).

(3) Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

On appeal, plaintiff has not identified any interest that Colorado would have in seeing the trial court apply its law. Instead, plaintiff asserts that Michigan has little interest in applying its damage limitations in a case involving two non-residents to Michigan. Plaintiff also asserts that when defendant contracted for insurance, he had an expectation that Colorado law would govern any potential dispute because he resided in Colorado, purchased insurance protecting against damages from economic losses, and paid his insurer to defend negligence actions without special damage immunities. However, the question at issue in this case is whether Colorado has an interest in its law being applied to this case, not whether Michigan has an interest or whether defendant might have expected Colorado law to apply. Upon review, we can discern no significant interest that Colorado would have in exposing one of its residents to greater tort damages.[3]

Given that no foreign state has an interest in having its law applied in this case, the presumption that Michigan law will apply has not been overcome. See *Frydrych v Wentland*, 252 Mich App 360, 363; 652 NW2d 483 (2002). Accordingly, the trial court erred when it denied defendant's motion for partial summary disposition after applying Colorado law.

---

[3] Moreover, it appears that if this case had been filed in Colorado, that state's conflict of law rules would have mandated the application of Michigan law to the case. When presented with a conflict-of-law question, Colorado applies "the most significant relationship to the occurrence and the parties test." *AE, Inc v Goodyear Tire & Rubber Co*, 168 P3d 507, 509 (2007). The Colorado Supreme Court provided courts with a list of factors to consider, citing with authority the Restatement Conflict of Laws, 2d, § 145:

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered. [*Goodyear*, 168 P3d at 510.]

Thus, it appears Colorado would have considered Michigan as the state with the most significant relationship to the parties and the occurrence. Specifically, Michigan is "the place where the injury occurred," "the place where the conduct causing the injury occurred," and "the place where the relationship . . . between the parties is centered." *Id*. While the parties' residences are outside of Michigan, this sole factor is insignificant in light of the clear support of the other three factors in favor of Michigan. See *id*. As such, considering that it appears Colorado would have applied Michigan law, we are further persuaded that Colorado maintains no interest in the present litigation.

We reverse and remand for further proceedings. On remand, the trial court should apply Michigan law. Defendant, as the prevailing party, may tax costs. MCR 7.219. We do not retain jurisdiction.


/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro